R. E. SHIVERY ET AL., APPELLANTS, VS. IDA STREEPER, ET AL., APPELLEES.

1. It is not enough to allege in a case of nuisance that the injury will be irreparable to complainant, but facts must be shown to enable the court to judge whether the injury will be of the character stated, and such as will clearly authorize injunction before he will be entitled to the interposition of the court.

2. If the thing sought to be enjoined is in itself or *prima facie* a nuisance, and it so appears from the facts set forth in the bill, the court will give its aid to stay irreparable mischief; but where it is not unavoidably and in itself noxious, but only something that may, according to circumstances, prove so, the court will refuse to interfere until a hearing on the proofs, or until the matter has been tried at law.

104 SUPREME COURT.

R. E. Shivery et al. v. Ida Streeper et al.—Opinion of Court.

3. Courts interfere with great reluctance with the free use and enjoyment of property by an owner or occupant, and will only interfere where it is clearly made out that the use and enjoyment is injurious to the rights of others.

4. If the injury complained of be doubtful, eventual or contingent, equity will not enjoin; and mere diminution in the value of property, without irreparable mischief, will not furnish foundation for equitable relief.

5. A livery stable adjoining a hotel or dwelling house in a city is not necessarily or *prima facie* a nuisance.

Appeal from the Circuit Court for Alachua county.

The facts of the case are stated in the opinion.

*Taylor & Carter* for Appellants.

*Ashley, Finley & Thrasher* for Appellees.

THE CHIEF-JUSTICE delivered the opinion of the court:

There is a motion in this case for an order of injunction pending the appeal. Finding it necessary to understand the merits of the case in order to decide the motion, we think it well to dispose finally of all the questions involved as to the nuisance complained of.

The complainants, who are appellants here, filed their bill for an injunction, alleging that one of them, R. E. Shivery, has built and owns a hotel in the city of Gainesville, located near the court house square, around which cluster the principal mercantile business houses of said city—that the hotel fronts on West Main street, and stands in the midst of one of the most densely built and populous portions of the city, which contains over five thousand inhabitants; and that he has leased said hotel to his co-complainant, Wm. T. Jackson, who purposes keeping it for the accommodation of the public. That on the north side of said hotel is a lot owned by the defendant, Ida Streeper,

wife of R. E. Streeper, which adjoins the Shivery lot, and that since the building of the hotel said Ida has erected on her lot a one-story brick building, within five feet of the hotel, fronting on the same street, and designed, as complainant believes, for store keeping, being floored and having glass fronts; but that recently the defendants, Davis and Faircloth, have rented said building for the purpose of converting the same into a livery stable, and keeping therein a large number of horses and vehicles. That the said Jackson, on being informed of this, endeavored, in every way, to dissuade the defendants from putting the building to the uses of a livery stable, and, to prevent this, offered to take it off their hands and pay the stipulated rent, but the offer was refused.

It is further alleged that if the defendants are allowed to use said building for a livery stable, being so near the hotel, it will cause irreparable injury to the hotel property, and business, and render the same almost worthless. That the said building is immediately under the windows of the sleeping apartments of the hotel, and, having a wooden floor, raised up some distance from the ground, the continual noise from the stamping of horses thereon, day and night, will so disturb the guests of the hotel that quiet and sleep will be rendered almost impossible; and the accumulations of filth and flies about said stable, and the noisome smells, will destroy the usefulness and fitness of the hotel property for its intended purposes, and, that, unless restrained, defendants will speedily convert said building into a livery stable. Wherefore injunction is prayed.

The court granted a temporary injunction.

The separate answer of the Streepers and that of Davis and Faircloth, admits the allegations of the bill as to ownership, location and renting of the property and the intended use of the one story brick building for a livery stable.

But they deny that such use will cause a nuisance or irreparable injury to the hotel property.

Davis and Faircloth admit that Jackson tried to dissuade them from occupying the building for a livery stable, but say they were and have been unable to procure any other building as conveniently located, and they informed Jackson that if he would point out any they could lease which would be as suitable for their business, and they could be relieved from their contract with the Streepers, they were willing to surrender the building and not occupy it for their stable. They further say that where there horses are to be kept they intend to remove the wooden floor, so that the stamping complained of cannot occur. They also deny the allegations as to filth, flies, noisome smells and disturbance of guests of the hotel, adding that the horses are to be kept on the north side of the stable and the vehicles on the south side.

A motion was made to dissolve the injunction on bill and answers, the latter supported by affidavits to the effect that the use of the building for a livery stable would not be a nuisance. The court granted the motion, and from that order comes this appeal.

Some rules which should govern in equity in cases like this have been given by this court in Thebaut and Glazier vs. Canova, 2 Fla., 143. That was a case where it was sought to enjoin the erection of a saw mill in the city of Jacksonville on the ground of irreparable injury to the complainants, danger to their property from fire, and noise and smoke that would interfere with the comfort and happiness of themselves and their families, also affecting their health. The court says: " It is not enought that a complainant should allege in his bill that the injury will be irreparable to himself or to his family or property, but he

must show facts to enable the court to judge if the injury will be of the character stated, before he will be entitled to the interposition of the court." Again, adopting the language of the Lord Chancellor in the case of the Earl of Ripon vs. Hobart, 3 Myl. and Keen, 169, "If the thing sought to be prohibited is in itself a nuisance, and it so appears from the facts set forth in the bill, the court will give its aid to stay irreparable mischief, without waiting for the result of a trial at law, and will grant (say the court) a temporary injunction in the first place until the parties can have a hearing at law. But where the thing sought to be restrained is not unavoidably and in itself noxious, but only something which may, according to circumstances, prove so, then the court will refuse to interfere until the matter has been tried at law." Again, "Courts with great reluctance interfere with the free use and enjoyment of property by its owner as his taste or his inclination may direct; and it is only in a case where it is clearly made out that this use and enjoyment is prejudicial and injurious to the rights of others that they lend their aid to restrain and abridge this free enjoyment."

On motion in that case, in its main features not unlike the one before us, the court below granted a preliminary injunction, and upon the coming in of an answer and affidavits, refused to dissolve it. But the Supreme Court ordered it dissolved; and it is apparent this was done because the operation of a saw mill in a city could not be deemed in itself noxious, and the proofs, being mainly but the expression of opinion, were not sufficient to show that it would be noxious or dangerous to adjoining property, or so offensive and disagreeable as to render life uncomfortable.

This was in accordance with a distinction running through all the books, though sometimes drawn in con-

108 SUPREME COURT.

R. E. Shivery et al. v. Ida Streeper et al.—Opinion of Court.

fused lines, which authorizes a court of equity to interfere in the first instance where the structure or the business is in itself or *prima facie* a nuisance, but withholds interference till final hearing or trial at law where the structure or business is of such a character that it may, or not, become a nuisance according to the manner of use, or the care and precaution with which the business is conducted. Ogletree vs. McQuaggs, 67 Ala., 580. "Nor will the court interfere, when the thing complained of is not in existence, but may be called into existence by threatened acts of the defendant, in the exercise of his lawful dominion over his property, and it is uncertain, dependent upon circumstances in the future, whether it will or not operate injuriously." St. James Church vs. Arrington, 36 Ala., 546 ; Kingsbury vs. Flowers, 65. Ala., 479.

"If the injury be doubtful, eventual or contingent, equity will not enjoin ;" and " mere diminution in the value of property, without irreparable mischief, will not furnish foundation for equitable relief." Rhodes vs. Dunbar, 57 Penn. St., 274 ; Keiser vs. Lovett, 85 Ind., 240 ; Ross vs. Butler, 19 N. J. Eq., 294, in which it is held also that matters that are an annoyance by being merely disagreeable or unsightly, as a well kept butcher shop or a green grocery near a costly dwelling house, or any other business that attracts crowds of orderly persons, or numbers of carts and carriages, are not nuisances.

The general doctrine applicable to cases like this on which equity courts will interfere to restrain a nuisance is well expounded in Rouse *et al.* vs. Martin *et al.*, 75 Ala., 510, and the conclusions accord with those we have quoted from other cases. See also 1 High on Inj., sec. 774, 2 Story's Eq., sec. 925.

A careful examination of the authorities satisfies us that though, in the language of High on Inj., sec. 772, " The

law is settled that when a business, although lawful in it-self, becomes obnoxious to neighboring dwellings and renders their enjoyment uncomfortable, whether by smoke, cinders, noise, offensive odors, noxious gases, or otherwise, the carrying on of such business is a nuisance which equity will restrain," yet this restraining power will not be exercised in the first instance if there are not facts, other than mere opinion, to establish the nuisance, except in cases where the business is in itself or *prima facie* a nuisance, as the keeping of a slaughter pen, or other thing necessarily offensive. And we think this does not contravene the rule of Blackstone, cited by appellant's counsel, that if one does an " act in itself lawful, which yet being done in that place necessarily tends to the damage of another's property, it is a nuisance ; for it is incumbent on him to find some other place to do that act, where it will be less offensive." Black Com., Book III, 218. While this is true it is not to be inferred that a court of equity will necessarily interpose in the matter. " It is not every case which will furnish a right of action against a party for a nuisance, which will justify the interposition of courts of equity to redress the injury or to remove the annoyance." The jurisdiction of equity is " founded upon the ground of restraining irreparable mischief, or of suppressing oppressive and interminable litigation, or of preventing multiplicity of suits." 2 Story Eq., sec. 925. The *place* may be sufficient ground for restraint in advance where the thing or business is necessarily noxious, but not otherwise. When not necessarily noxious, the injunction will await proof at the hearing, or in a trial at law.

Counsel for appellants argue the case as if a livery stable closely adjoining a hotel cannot be otherwise regarded than as *prima facie* a nuisance. We do not find this view in accordance with the authorities. See Kirkman vs. Handy,

2 Humphreys, 406, (54 Am. Dec., 45 ;) Burdett vs. Swenson, 17 Tex., 489, (67 Am. Dec., 665 ;) Shiras vs. Olinger, 50 Iowa, 571 ; Dargon vs. Waddell, 9 Iredell L., 244; Keieser vs. Lovett, 35 Ind., 240, in all of which the contrary view is held. The only case we find different is that of Coker vs. Birge, in 9 Ga., 425, and 10 Ga., 336. But this case is virtually overruled in Harrison vs. Brooks, 20 Ga., 537, in which the court held the true rule to be, " that injunctions will only be granted to restrain nuisances in cases of absolute necessity, in which the evil sought to be prevented is not only probable, but certain and inevitable," and that it will be less disposed to interfere where the apprehended mischief is to follow from such establishments and erections as have a tendency a promote the public convenience." A hotel proprietor sought to enjoin the building of a livery stable, within fifty-four feet of the hotel, just as in Coker vs. Birge. It was sought to enjoin a similar building within sixty-five feet of the hotel, but the court, notwithstanding the previous decisions in the latter case, dissolved the injunction which had been granted by the lower court, giving the rule above quoted as the basis of its action.

It will be found that the cases in which livery stables have been held to be nuisances either in equity or at law, are cases where the proofs established the fact—in some instances the court holding their final decision till the fact could be tested by actual experience. Even in the case of Coker vs. Birge, the Supreme Court, on the second appeal, left the final adjudication to be determined upon the opinion of a jury on the facts.

The conclusion at which we have arrived is that in the case before us the court did not err in dissolving the injunction. But it is not to be understood that this conclu-

sion involves a decision that the stable may not become a nuisance. The complaint as to noise from the stamping of horses, if the wooden floor is taken out, as the answer states will be done, is removed, and there remains only the question whether from noisome smells or other discomforts produced by the use of the stable, there will arise a case for the interposition of equity. While it is easy to anticipate disagreeable results, it cannot be said as a matter of fact that these will necessarily follow to the extent of a nuisance. Considering the improved methods of the day in dealing with various offensive appurtenants in and about dwelling houses and hotels, so that little discomfort is experienced, it is not unreasonable to suppose that proper appliances in the management of a livery stable may produce similar good results. Conceiving that practicable, there should be no interference until it is shown that the management fails to attain it. What is merely unpleasant from the character of the building or of the business adjoining dwellings or hotels, is not a nuisance of which the law will take cognizance. "There are many unpleasant, and, indeed, offensive things that must be borne with by the owners and occupants of estates, because although offensive to the eye or cultivated tastes of people, they do not trench upon any recognized legal right; and this is the case, even though the thing complained of materially lessens the value of surrounding property." Wood on Nui., 6. To constitute the thing a nuisance it must "create an annoyance to such an extent as to render life uncomfortable in a neighboring house, or to render the house uncomfortable as a dwelling house, and unfitted for the proper uses for which it was designed." Aldrich vs. Howard, 8 R. I., 246.

The principle common to all cases of nuisance to dwell-

ings, is the injury to the health, comfort or convenience of the residents. Story Eq., Sec. 775. If, in the future, it should prove that the stable, in its use, comes within this rule, it should then be pronounced against.

Whether the case shall be held to await the test, or the bill be dismissed without prejudice, we leave to the court below.

The decree is affirmed, and the case will be remanded for proceedings in accordance with this opinion.