ELIZABETH W. PRICE, *et vir,* v. JOSEPH GORDON and MINERVA GORDON.

177 So. 276.
Division A.
Opinion Filed October 28, 1937.
Rehearing Denied December 8, 1937.

*W. F. Parker* and *John A. Bouvier, Jr.*, for Appellants; *Gramling & Gramling,* for Appellees.

BUFORD, J.—The appeal here brings for review final decree and also interlocutory order.

There are two notices of appeal but since the appeal from the final decree brings all matters preceding such decree to this Court, the specific appeal from the interlocutory order referred to may be treated as surplusage.

The interlocutory order complained of was as follows:

"This cause coming on to be heard upon petition of JOSEPH GORDON and MINERVA GORDON, complainants, for injunction, and it appearing to the Court that irreparable damage will be done to complainants unless the prayer of the petition filed herein is granted, and it appearing further to the Court that complainants do not have an adequate remedy at law, and the Court being fully advised in the premises,

"IT IS ORDERED, ADJUDGED and DECREED that the defendants, ELIZABETH W. PRICE, joined by her husband, T. A. PRICE, be and they are hereby, enjoined from in anywise interfering with the complainants, JOSEPH GORDON and MINERVA GORDON, in the recovery of the personal property set forth in the petition, and said defendants are ordered to give access to the said personal property forthwith.

"IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Sheriff of this County be, and he is hereby directed to take possession of the said personal property described in the petition filed herein by force if necessary and deliver same over to the complainants forthwith.

"IT IS FURTHER ORDERED, ADJUDGED and DECREED that the complainants be, and they are hereby, required to post bond in the sum of $1500.00, properly conditioned and approved by the Clerk of this Court.

"IT IS FURTHER ORDERED, ADJUDGED and DECREED that the defendants reply to the petition in this case as provided by law.

"DONE AND ORDERED in Chambers at Miami, Florida, this 21st day of November, A. D. 1936."

Final decree, insofar as it is of any importance here, was as follows:

"ORDERED, ADJUDGED and DECREED that the defendants, ELIZABETH W. PRICE, joined by her husband, T. A. PRICE,

be and they are hereby perpetually enjoined from in any wise interfering with the complainants, JOSEPH GORDON and MINERVA GORDON in the recovery of the personal property set forth in the petition, and that the complainants be relieved of any and all liability under the terms of the bond posted in the above entitled cause by said complainants, and that they are hereby authorized and directed to cancel said bond.

"DONE AND ORDERED in Chambers at Miami, Florida, this 6th day of January, A. D. 1937."

The appellant has stated two questions for our consideration, as follows:

1. "Where personal property of any ordinary nature and belonging to guests of a lessee is held by a landlord without color of claim or lien, does the owner of such property have such adequate remedy at law as would deprive a Court of Equity of jurisdiction?

"2. Where personal property of guests of a lessee is held by owner and landlord, is it proper for a chancellor to require delivery of possession thereof by mandatory injunction issued without notice before the final decree and based upon unverified Bill of Complaint in which no showing is made that irreparaable damage will be suffered unless such relief is granted.?"

The assumption contained in the second question, that is, that the mandatory injunction issued without notice before the final decree "and based upon unverified bill of complaint in which showing is made by irreparable damage will be suffered unless such relief is granted," is not supported by the record. The record shows that the bill of complaint was signed by Joseph Gordon and Minerva Gordon and under their signatures the following appears, "subscribed and sworn to before me this 21st day of November,

A. D. 1836, Emily Stone, Notary Public, State of Florida at Large, my Commission expires December 17, 1939."

The bill of complaint begins with a paragraph reading as follows:

"Now come Joseph Gordon and Minerva Gordon, a single woman whose residence is Boston, Massachusetts, and bring this Bill of Compalint against Elizabeth W. Price, joined by her husband, T. A. Price, residents of Dade County, Florida, and complaining say:"

Then follow the several allegations of the bill and the jurat.

The controlling question presented here is whether or not a court of equity may be invoked to intervene and exercise jurisdiction to restore personal property of a peculiar sort, and of peculiar value to the owner, to such owner when the possession thereof is retained by one who has no legal right to retain such possession and where a remedy at law is not full, complete and adequate, or where complete relief is doubtful and a more ample and appropriate remedy may be thereby afforded.

The record shows that one Harold B. Gordon, a resident of Boston, Mass., entered into a lease agreement with Elizabeth W. Price, a married woman, whereby he purported to lease from Mrs. Price a residence in Miami and paid a part of the money agreed upon the lease. Joseph Gordon, father of the lessee, and Minerva Gordon, sister of the lessee, came down and went into possession of the house but immediately found it so infested with vermin, as is alleged, that it was not fit for occupancy. The record shows that Mrs. Price agreed to fumigate the house and eliminate vermin and made some attempt to do so on the second day that it was occupied by the Gordons, but when the Gordons returned to the house they found it still so in-

fested with vermin that it was unfit for occupancy; so, they notified Mrs. Price that they would not occupy the house longer but would find another place. They went out and secured another place, but when they returned Mrs. Price had locked up the house and refused to allow them to remove therefrom their personal effects consisting of clothing and a certain lot of medicines which were of a peculiar type necessary for the treatment of Mr. Gordon who was a man advanced in years and was under the treatment of physicians in his home town, Boston, Mass.

Conceiving it to be true that they had the right under existing conditions to invoke the aid of a court of equity to procure possession of their wearing apparel and medicines, they filed a bill of complaint and asked for the immediate issuance of mandatory injunction requiring Mrs. Price, joined by her husband, to restore possession of their personal property, offering to post good and sufficient bond to protect the defendants named in the suit from any damage that might be suffered by the wrongful issuance of the writ.

The court required bond in the sum of $1500.00 and issued mandatory injunction.

The record further shows that when the writ was placed in the hands of the Sheriff's deputy both Mrs. Price and her husband evaded service of the writ and upon showing to that effect, the Chancellor issued an order authorizing the Sheriff to use such force as might be necessary to take possession of the complainant's property and deliver same to the complainants. This was done. Upon final hearing the mandatory injunction was made permanent, as is shown by the record above quoted.

Whether or not personal property is of that peculiar nature that causes it to be of peculiar value and character

and the loss of it, or the retention of it, can not be fully compensated in damages, must in all cases be a question to be determined by the Chancellor, subject, of course, to review. But if the personal property is of peculiar value such that the loss of it or the retention of it by one not entitled thereto cannot be fully compensated in damages, equity will interfere and grant full relief by requiring specific delivery. See McCullom v. Morrison, 14 Fla. 414. In the later case of Morgan v. City of Lakeland, 90 Fla. 525, 107 Sou. 269, it was said:

"While it is well settled that an injunction will not be granted where a remedy at law is adequate, yet where the remedy at law is not full, complete and adequate, or where complete relief is doubtful, and a more ample and appropriate remedy may be thereby afforded, equity will take cognizance and give relief, if it can be done, in accordance with recognized principles of chancery jurisdiction. McKnabb v. Tampa & St. Petersburg Land Co., 78 Fla. 149, 83 South. Rep. 90; Rentz v. Granger & Lewis, 64 Fla. 445, 60 South. Rep. 221; Gordon v. Clarke, Admr., 10 Fla. 179; Carter v. Bennett, 6 Fla. 214."

In Zetrouer v. Zetrouer, 89 Fla. 253, 103 Sou. 625, this Court, speaking through Mr. Justice Terrell, said:

"It is well settled that mandatory injunctions are rarely granted before final hearing, or before the parties have full opportunity to present all the facts in such manner as will enable the court to see and judge what the truth may be; however, instances are not wanting where relief by mandatory injunction was granted on the proper showing made. Taylor v. Florida East Coast R. Co., 54 Fla. 635, 45 South. Rep. 574; Florida East Coast R. Co. v. Taylor, 56 Fla. 788, 47 South. Rep. 345; City of Ocala v. Anderson, 58 Fla. 415, 50 Sou. Rep. 572, 14 R. C. L. 317."

And it was held in that case, "in the matter of granting mandatory injunction, each case must rest on its own facts and circumstances and whether or not the relief will be granted is in the sound discretion of the court."

Under the facts alleged in the bill of complaint and shown by affidavits in support thereof, the showing was adequate that the complainants could not have full, complete and adequate relief in a court of law and that a more ample and appropriate remedy would be afforded by resort to equity. A sick person's medicines and a person's entire supply of wearing apparel, except that which they may have on their person at the time the other is taken from their possession, are not things that may be taken from one without authority of law and he, or she, be required to await the slow process of replevin or other law procedure, to regain possession of same. The necessity for the use of such articles is immediate and continuing. It is not a sufficient answer that such persons so deprived of the possession of such articles may go into the marts of trade and buy more and resupply themselves with the same class of articles which have been wrongfully taken from their possession. Although by doing so and awaiting process of a court of law, such person might have ultimate and complete remedy, that remedy would not be full and adequate as would be the remedy which he may have by proceeding in equity, as was done in this case.

No reversible error is made to appear.

The decree should be and is affirmed.

So ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.