MODERN DUST BAG CO., INC., a corporation of the State of New York,

*vs.*

COMMERCIAL TRUST COMPANY, a corporation of the State of Delaware.

*New Castle, October 1, 1952.*

*Daniel O. Hastings* and *Clarence W. Taylor* (of Hastings, Stockly & Walz), for plaintiff.

*Thomas Herlihy, Jr.* and *Morris Cohen*, for defendant.

BRAMHALL, Vice Chancellor: Upon petition to this court by plaintiff a rule was issued upon the defendant to show cause why this court should not issue an order upon defendant to deliver to plaintiff certain warehouse receipts held by defendant upon payment into court by the plaintiff of such sum as the court might fix as security for the payment of defendant's claim against the plaintiff, in the event that the defendant should prevail in this action.

The warehouse receipts represent certain paper belonging to plaintiff, of a special kind and quality required by the plaintiff in the conduct of its business and is not available for purchase by reason of the fact that the concern from whom plaintiff originally purchased the paper is now in bankruptcy and the particular kind and quality of paper represented by the warehouse receipts cannot be purchased elsewhere. The plaintiff has

been using this particular type of paper in the manufacture of certain articles, in which a continuity of product is required. Since it will be necessary for plaintiff shortly to begin to use another kind of paper in the manufacture of its products, plaintiff cannot then use the paper represented by the warehouse receipts, in which event it will be of no value to plaintiff and have little or no market value.

The situation is a novel one, since there is no reported decision in this state in which the precise situation and the relief here sought is involved. However, where the circumstances of a case are such as to require the application of equitable principles, the fact that no precedent can be found in which relief may be granted under a similar state of facts is no reason for refusing relief. *Gavin v. Curtin*, 171 *Ill.* 640, 49 *N.E.* 523, 40 *L.R.A.* 776; *Briscoe v. O'Connor*, 115 *N.J.Eq.* 360, 170 *A.* 884; *Union P. R. Co. v. Chicago R. I. & P. Co.*, 163 *U.S.* 564, 16 *S.Ct.* 1173, 41 *L.Ed.* 265; *Toledo A. A. & N. M. R. Co. v. Pennsylvania Co., (C.C.)*, 54 *F.* 746, 19 *L.R.A.* 395; *Brown v. Fidelity Union Trust Co.*, 10 *N.J. Misc.* 555, 159 *A.* 809.

Plaintiff does not have an adequate remedy at law. An action for the value of the paper would not give plaintiff complete relief since plaintiff is not in a position to purchase the paper in question on the market or elsewhere. Plaintiff's damage, therefore, cannot be definitely determined. Under the practice in this state in an action in replevin defendant would be entitled to retain possession of the paper by posting the required bond. I know of no adequate remedy at law under which the plaintiff might proceed. Plaintiff is therefore entitled to equitable relief.

There is an unreported opinion in this state in which similar relief was granted under like circumstances. In the case of *Wilmington Provision Company v. Sinskey*, in New Castle County, being Civil Action No. 47, the Chancellor granted relief from the lien of a judgment upon the deposit of cash equivalent to the amount of the judgment prior to a trial to determine the validity of the judgment. While the *Sinskey* case involved the lien of a judgment against real estate, whereas the present case involves the right of the defendant to hold the personal property as secur-

ity for an indebtedness alleged to be due, the situation is otherwise similar. Both cases involved claims for the recovery of money. Both relate to the validity of a lien. In both cases immediate need for relief was shown.

In the case of *Price v. Gordon*, 129 *Fla.* 715, 177 *So.* 276, 279, complainants after leasing a house and taking possession thereof found it unfit for habitation and notified defendant that they would not be bound by the terms of the lease. Upon subsequently returning to the house for their personal belongings they were refused permission to remove them. In an action for a mandatory preliminary injunction to compel defendants to return the personal property to complainants, the Chancellor directed the delivery of the personal belongings to the defendant forthwith upon posting of a bond by complainants in a sufficient amount to protect defendants. In affirming upon appeal the Supreme Court of Florida said:

"Under the facts alleged in the bill of complaint and shown by affidavits in support thereof, the showing was adequate that the complainants could not have full, complete and adequate relief in a court of law and that a more ample and appropriate remedy would be afforded by resort to equity. A sick person's medicines and a person's entire supply of wearing apparel, except that which they may have on their person at the time the other is taken from their possession, are not things that may be taken from one without authority of law and he, or she, be required to await the slow process of replevin or other law procedure, to regain possession of same. The necessity for the use of such articles is immediate and continuing. It is not a sufficient answer that such persons so deprived of the possession of such articles may go into the marts of trade and buy more and resupply themselves with the same class of articles which have been wrongfully taken from their possession. Although by doing so and awaiting process of a court of law, such person might have ultimate and complete remedy, that remedy would not be full and adequate as would be the remedy which he may have by proceeding in equity, as was done in this case."

Defendant does not of course claim title to the paper. It is merely trying to impress thereon its lien for an unpaid balance which may or may not hereafter be determined to be due it by plaintiff. Defendant will suffer no injury by the substitution of cash for the security of the warehouse receipts. In fact, it would seem that defendant's position relative to the security offered for the payment of defendant's claim would be definitely improved. In

view of the fact that the paper will shortly be of no value at all to the plaintiff, to permit the defendant to retain the warehouse receipts as security for the disputed claim of defendant, pending the determination of this dispute, would cause the plaintiff to sustain irreparable injury and would be of little or no benefit to defendant. I conclude that equity has jurisdiction and that the prayer of the petition should be granted.

An order will be entered on notice in accordance with this opinion.