75 So.2d 831 (1954)
Richard F. STONER, et al., Petitioners,
v.
SOUTH PENINSULA ZONING COMMISSION, et al., Respondents.
Supreme Court of Florida, Division A.
November 16, 1954.
Caldwell, Parker, Foster & Wigginton, Tallahassee, and Hull, Landis, Graham & French, DeLand, for petitioners.
Brass & Strong, Daytona Beach, for South Peninsula Zoning Commission, Charles W. Luther, Daytona Beach, for Volusia County, Florida and Raymond & Wilson, Daytona Beach, for freeholder plaintiffs, for respondents.
TERRELL, Justice.
This case has to do with the creation of a municipality in the South Peninsula of Volusia County under Florida Statutes, Chapter 165, F.S.A. Respondents, South Peninsula Zoning Commission, et al., were plaintiffs below. They represent Volusia County, the South Peninsula Zoning Commission, including certain freeholders and voters within a portion of the proposed municipality. Richard F. Stoner, et al., petitioners, were defendants below, being freeholders and voters who are attempting to create the municipality.
The sworn complaint prays that the Court determine that the attempt to create a municipal corporation in the South Peninsula of Volusia County be decreed to be illegal and void, that if created it will be without zoning or other powers vested in the County of Volusia and the South Peninsula Zoning Commission, that a permanent injunction be granted restraining defendants *832 from holding a meeting for that purpose, and that a temporary injunction be granted, restraining defendants as a class from doing any of the acts sought to be enjoined.
Motion to dismiss was tendered. After hearing on the application for injunction pendente lite the chancellor, on July 27, 1954, entered a temporary injunction by which plaintiffs were granted leave to amend their complaint and the defendants were enjoined from holding the meeting set for August 16, from continuing publication of the notice in the Daytona Beach Evening News or from participating in any activities designed to create the municipal corporation in question until final hearing. The required bond was posted. We are confronted with an appeal by certiorari from the order of the chancellor granting the temporary restraining order.
The primary question for determination challenges the basis for as well as the validity of the temporary restraining order.
It appears that petitioners were proceeding regularly under Florida Statutes, Chapter 165, F.S.A., to create the municipality. It is contended that the last cited act is limited to "inhabitants who are freeholders and registered voters of any hamlet, village or town in this State", that petitioners are not of that classification and have no right to bring this suit. The said charge and others may be true but the rule in this State is that injunction issues only to prevent irreparable injury when the remedy at law is inadequate. Mere general allegations of irreparable injury are not sufficient. After all is said the attempt here is to thwart a political right accorded plaintiffs under the statute. A court of equity should not entertain the injunctive process for this purpose. Joughin v. Parks, 107 Fla. 833, 143 So. 145, 306, 147 So. 273. Other questions fall and are condemned for the same reasoning. Aside from what has been said, if the municipality should be illegally created those adversely affected have an adequate remedy at law. Florida Statutes, Section 165.30, F.S.A.
As to other questions raised, it appears that this Court on August 6, 1954, granted a supersedeas, the effect of which was to permit the meeting of petitioners and other activities enjoined by the chancellor. In other words, when this Court granted supersedeas the defendants were at liberty to proceed with the publication of notice, hold their meetings and proceed with the election to determine whether or not the municipality should be created. This phase of the case is therefore moot.
Certiorari is accordingly granted and the order appealed from is quashed.
It is so ordered.
ROBERTS, C.J., and SEBRING and MATHEWS, JJ., concur.