SMITH, CULVER, Associate Judge.
The appellant, who was the defendant below, takes this appeal from an instrument entitled “Final Judgment”, which was in favor of the appellee, plaintiff below, adjudging that appellee should recover from appellant the principal sum of $716, plus interest and costs. The suit was brought in Chancery to foreclose a laborer’s lien. All pleadings contained in the record furnished us are entitled as being in Chancery. The “Final Judgment” was recorded in the *203 Chancery Order Book, so we can only assume that it is actually a Final Decree.
The record filed here, of the proceedings prior to the Notice of Appeal, consists only of the Complaint, with claim of lien attached, appellee’s affidavit as to amounts due and unpaid, Motion for Judgment on the pleadings and Motion to Dismiss filed by appellant, Notice of Hearing, and the Final Judgment heretofore mentioned. The briefs of both parties mention numerous proceedings not reflected in the record. Since, however, both parties by their briefs set out the fact that a Decree Pro Con-fesso was entered, prior to appellant’s filing of their motion for judgment on the pleadings, and motion to dismiss, we can take this to be correct. Particularly is this so, since the Chancellor’s “Final Judgment” recites that the cause was presented upon Decree Pro Confesso.
Appellant has raised three points which briefly may be stated as follows:
1. Did the Complaint state a cause of action?
2. May the sufficiency of the Complaint be attacked by motion after the entry of a Decree Pro Confesso?
3. Did appellee’s affidavit constitute sufficient proof for entry of Final Decree ?!
As to the second question, whether or not the sufficiency of the Complaint may be attacked by motion after entry of a Decree Pro Confesso, its sufficiency may be tested upon appeal. The facts well pleaded are admitted, but, of course, conclusions of law are not. The statement of fact as to the oral contract sued upon was as follows:
“3. That the defendant, prior to the 16th day of June, 1957, entered into an oral contract with the plaintiff whereby the plaintiff was to supply a dragline machine and operate same, performing work consisting of dirt excavation on the described property. Further, the plaintiff furnished at the defendant’s request, and in order to perform the work which the defendant contracted for the plaintiff to do, dump trucks and a tractor, which were used in moving and spreading dirt. The rental rate for the dragline herein referred to was $12.50 per hour, dump trucks at the rate of $4.00 per hour, and the tractor at the rate of $5.00 per hour.
“4. As a result of the services rendered by the plaintiff to the defendant in improving the property owned by the defendant, described herein, the defendant, Wallace Brothers, became indebted to the plaintiff in the amount of $1,201.00, and there is a balance due and owing to the plaintiff in the amount of $716.00 * *
This portion of the Complaint may have been found lacking in particulars, had it been timely attacked, but we are of the opinion that it is sufficient, after Decree Pro Confesso, to sustain the entry of a Final Decree. Not having been subject to attack before the entry of the Decree Pro Confesso, it seems to substantially comply with Rule 1.8, Rules of Civil Procedure, 30 F.S.A., the pertinent portion of which reads:
“It (the Complaint) shall set forth a short and plain statement of the ultimate facts on which the pleader relies, and if it informs the defendant of the nature of the cause against him, it shall be held sufficient.”
We, therefore, hold that while the sufficiency of the Complaint may be raised upon appeal, its allegations are sufficient upon which to base a final decree in the absence of motion to attack it, timely filed.
In considering the third question, we feel that we need only say that nowhere does it appear in the record that either the affidavit of proof, or the allegations of the Complaint have been in anyway disputed or denied. Therefore, sufficient proof was made.
*204 Various procedures are alleged in the briefs to have taken place in the Court below, but they do not appear in the record. We are, therefore, bound by the rule set out in 2 Fla.Juris. § 314, page 567, which reads:
“A judgment, order, decree, or ruling of the trial court is generally presumed to be correct.” * * * “The presumption exists as a matter of law and extends to procedural matters as well as all other matters in which the trial court acts within its jurisdiction.”
The lower Court is affirmed.
ALLEN, C. J., and SHANNON, J., concur.