156 So.2d 421 (1963)
The FIRST NATIONAL BANK IN ST. PETERSBURG, a national banking corporation, Appellant,
v.
L.G. FERRIS, Appellee.
No. 3652.
District Court of Appeal of Florida. Second District.
September 6, 1963.
Rehearing Denied September 30, 1963.
*422 Howard W. Duke of Mann, Harrison, Mann & Rowe, St. Petersburg, for appellant.
Richard Earle, Jr., of Earle & Hawes, St. Petersburg, for appellee.
KANNER, Judge.
Seeking mandatory injunction relief, L.G. Ferris, plaintiff-appellee, brought suit against The First National Bank in St. Petersburg, defendant-appellant, for allegedly wrongful sale of certain corporate stock put up by appellee as security against a loan indebtedness. The appeal is from an interlocutory order of the chancellor denying motion of the appellant bank to dismiss the complaint of appellee.
In its material portions, the complaint sets out that as of June 21, 1962, appellee owed the appellant bank $233,651.73, as evidenced by four promissory notes payable on demand. The debt was secured by 1,700 shares of common stock of certain corporations listed on the New York Stock Exchange, 1,300 of them being set out in paragraph 3A of the complaint. The certificates evidencing the ownership of the described corporate stock and all papers and documents necessary to enable appellant bank to sell them were in possession of the bank and held by it as collateral security, subject to conditions specified in the promissory notes.
On June 21, 1962, it is alleged, appellant bank wrongfully sold the corporate stock listed in paragraph 3A of the complaint without making demand for payment on the notes, without giving notice to make payment on account or to furnish additional securities, and without giving notice to appellee of the bank's election to exercise the option to declare the entire indebtedness due as provided in the notes. The complaint continues that at the time of the sale, the market value of the stocks was temporarily down and has since increased.
Under paragraph 7 of the complaint, appellee states:
"The shares of stock were of peculiar value and character, and for the conversion and loss of same Plaintiff's injury can not be fully ascertained and compensated in damages. The corporate stock so sold by the Defendant was acquired by Plaintiff at a cost far less than the price at which said stock was sold. The sale of said stock by the Defendant, if valid, constitutes `a sale' within the meaning of the Internal Revenue Code and as a result of said sale Plaintiff will have realized either a capital gain or income as defined in said Internal Revenue Code and will have become liable for the payment of substantial income taxes for which taxes he would not have been liable if said wrongful sale had not been made. It is impossible to ascertain with any degree of certainty the damages so sustained by Plaintiff, because said increased tax liability occasioned by said wrongful sale is dependent upon numerous unascertainable future events such as, but not limited to, the income of the Plaintiff in future years, the market price of said stock in future years, the length of time which Plaintiff would have held *423 said stock if it had not been wrongfully sold and whether or not Plaintiff would have sold the same during his lifetime."
Appellee avers that if given notice or upon demand, he would have complied readily with his undertaking and would have prevented the sale and his damage.
Finally, it is asserted that appellee has no adequate remedy at law but only in equity by way of a mandatory injunction ordering replacement of the stock as collateral, that all the corporate stocks are listed on the New York Stock Exchange, readily purchasable by appellant bank on the open market, and that replacement of the stock would restore appellee to his former status within the meaning of the Internal Revenue Code and would, at such time only, afford complete relief. The prayer of the complaint is that the court by its final decree adjudge that the sale of the corporate stocks listed in paragraph 3A of the complaint was wrongful, null, and void and that appellant be ordered to replace those securities and hold them, together with those listed in paragraph 3B of the complaint, as security for all indebtedness due appellant from appellee subject to the terms and conditions agreed upon.
The major issues promulgated on the appeal by appellant inquire whether the complaint for mandatory injunction sets out facts sufficient to state a cause of action for the relief sought under the question of whether they could support a finding of irreparable injury to appellee as a result of the alleged wrongful sale; and whether appellee has an adequate remedy at law. Aside from these, appellant asserts that the complaint is deficient as to a showing of appellee's ownership of or possessory interest in the subject matter of the suit.
The writ of injunction is an extraordinary remedy, harsh and drastic, particularly in its mandatory form, where equity goes beyond mere restraint and commands that acts be done or undone. Such injunctions are looked upon with disfavor by the courts and are granted but sparingly and cautiously. See Johnson v. Killian, 1946, 157 Fla. 754, 27 So.2d 345; Zetrouer v. Zetrouer, 1925, 89 Fla. 253, 103 So. 625.
Basic to jurisdiction in equity is the rule that there must be a lack of an adequate remedy at law, and injunctive relief will not lie unless irreparable injury will result otherwise. Stoner v. South Peninsular Zoning Commission, Fla. 1954, 75 So.2d 831; 17 Fla.Jur., Injunctions, sections 17 and 77, pages 385 and 433. The injury must be of a peculiar nature, so that compensation in money cannot atone for it; or, as the rule has been otherwise stated, it must be of such a nature that it cannot be redressed in a court of law. Indian River Steam-Boat Co. v. East Coast Transp. Co., 1891, 28 Fla. 387, 10 So. 480, 487; and Egan v. City of Miami, 1938, 130 Fla. 465, 178 So. 132. Thus, generally, equity will not injunctively command return of personal property unless it is of peculiar value and character and unless its loss or retention by one not entitled to it cannot be fully compensated in damages. Price v. Gordon, 1937, 129 Fla. 715, 177 So. 276; 17 Fla.Jur., Injunctions, section 31, page 393.
Paragraph 7, previously quoted, contains the core of appellee's claim to jurisdiction in equity. Through the allegations stated in it, he assays to gain access to this forum by asserting that the shares of stock in question were possessed of "peculiar value and character" and that his injury for their conversion and loss "can not be fully ascertained and compensated in damages." We shall, therefore, consider the averments of paragraph 7 in their relation to the rest of the complaint to learn whether they comport with applicable principles governing the question of efficacy of the complaint to state a cause in equity for mandatory relief.
A complainant, in alleging irreparable injury, must state facts which will enable the court to judge whether the injury will in fact be irreparable, and mere general allegations of irreparable injury *424 will not suffice. Williams v. Dormany, 1930, 99 Fla. 496, 126 So. 117; Davis v. Wilson, 1939, 139 Fla. 698, 190 So. 716; Stoner v. South Peninsular Zoning Commission, supra. The facts comprising such injury must be presented clearly so that the court may determine the exact nature and extent of the possible injury. Charlotte Harbor & N.R. Co. v. Lancaster, 1915, 70 Fla. 200, 69 So. 720; Egan v. City of Miami, supra. If the injury complained of is doubtful, eventual, or contingent, injunctive relief will not be afforded. Shivery v. Streeper, 1888, 24 Fla. 103, 3 So. 865.
In testing the complaint to see if it can withstand a motion to dismiss for failure to state a cause of action for injunctive relief, the well-pleaded facts are admitted, but not conclusions of law or the opinions of the pleader. American Can Co. v. City of Tampa, 1943, 152 Fla. 798, 14 So.2d 203; Wallace Bros. v. Yates, Fla.App. 1960, 117 So.2d 202. Rather, there must be something more than this in order for a court to intervene by injunction. American Fire & Gas Co. v. Rader, 1948, 160 Fla. 700, 36 So.2d 270.
As we previously stated, appellee's primary assertion alleges "peculiar value and character" of the personalty involved with resultant injury occasioned by its loss which he says "can not be fully ascertained and compensated in damages." Since this statement, if unsupported, is only a legal conclusion or opinion of appellee, we look then for facts upon which this essential allegation must lean. First, the stocks were acquired by appellee "at a cost far less than the price at which said stock was sold," an element clearly computable. Then comes the allegation, "The sale of said stock, if valid, constitutes `a sale' within the meaning of the Internal Revenue Code." No specific part, classification, or citation within the code is referred to, but only the broad, vague, and general mention of it, as indicated. The ensuing statement is that appellee "will have realized either a capital gain or income as defined in said Internal Revenue Code and will have become liable for the payment of substantial income taxes for which taxes" he would otherwise not have been liable. He concludes the allegations of paragraph 7 with the assertion that "It is impossible to ascertain with any degree of certainty the damages so sustained by Plaintiff, because said increased tax liability occasioned by said wrongful sale is dependent upon numerous unascertainable future events such as, but not limited to, the income of the Plaintiff in future years, the market price of said stock in future years, the length of time which Plaintiff would have held the stock if it had not been wrongfully sold and whether or not Plaintiff would have sold the same during his lifetime." This is the full effect and substance of paragraph 7.
Thus, in the final analysis, the basis upon which appellee relies to bring him into a court of equity is that of alleged federal tax liability dependent upon unascertainable future events. Appellee with forthrightness states that the question is unique and that he has found no case in the United States where equity has considered it. What appellee has described, however, are if-and-when contingencies, vague and conjectural, couched in terms of his own opinions and legal conclusions. It appears, therefore, that facts sufficient in scope and character to enable the court to adjudge whether the injury alleged will in fact be irreparable and whether it can thus open the door of equity to appellee for pursuit of the harsh remedy of a mandatory injunctive proceeding have not been supplied. By a later allegation, appellee asserts that the stock is purchasable on the open market through the New York Stock Exchange. The initial purchase by appellee was at one price and the bank sold the stock at a higher figure. The value of the securities in each instance is readily ascertainable.
Appellant asserts deficiency of the complaint to allege appellee's ownership of or possessory interest in the subject stocks. Appellee, acknowledging that he did not in so many words make a direct allegation of *425 ownership, points to various averments which he believes, when construed and considered with the others, do inferentially show his ownership of the stock. We think, however, that a more definite statement upon this subject would be better. See Garriga v. Reid Lumber Co., 1929, 97 Fla. 321, 120 So. 849; 28 Am.Jur., Injunctions, section 26, pages 516, 517; 43 C.J.S. Injunctions § 182, pages 857, 858.
Appellee has an adequate remedy at law, and the cause should be transferred to the law side of the court. Appellee should be permitted to adapt and adjust his complaint as he deems advisable. We point out that, in our decision and in our analysis of the complaint, we are in nowise indicating what would comprise elements or measure of damages. This is a matter to be determined in the trial court upon the issues created by the pleadings and upon the proof offered.
The interlocutory order appealed is reversed and the cause is remanded for further proceedings in conformity with this opinion.
Reversed and remanded.
SMITH, C.J., and SHANNON, J., concur.