CROSS, Chief Judge.
Appellants-defendants, John T. Brady and his wife, Jeanne Brady, appeal a final judgment entered in favor of appel-lee-plaintiff, Walter Zimmerman, in an action on a promissory note. Also appealed is an interlocutory order from a partial summary judgment entered in favor of ap-pellee on the issue of liability on the note. The two notices of appeal were filed simultaneously. Since the appeal from the final judgment assigned as error the entry of the summary judgment, the interlocutory appeal will be treated as surplusage. Price v. Gordon, 1937, 129 Fla. 715, 177 So. 276.
Suit was commenced when Zimmerman filed a complaint against the Bradys, alleging default in payment of interest on a note and seeking to accelerate the principal sum of the note. The Bradys answered and filed a counterclaim against Zimmerman. The answer denied indebtedness on the note and alleged that the note was without consideration. The counterclaim was for damages for alleged misrepresentation in the sale of a trailer park by Zimmerman to the Bradys.
It was during negotiations and sale of the trailer park that the note was executed by the Bradys payable to Zimmerman. The note was for a stated amount payable three years after date of the note with interest payable semi-annually.
Prior to trial Zimmerman moved for summary judgment on the note. The trial court entered a partial summary judgment in favor of Zimmerman and against the Bradys as to liability on the note. In so doing, the trial court determined the note to be “good and valid and supported by good and sufficient consideration and to be in full force and effect.” After entry of the partial summary judgment the cause then proceeded to trial before the court on the remaining issues of the complaint, the answer and counterclaim. At the conclusion of the trial, which was non-jury, a final judgment was entered in favor of Zimmerman and against the Bradys. The final judgment incorporated the partial summary judgment as to the Bradys’ liability on the note, determined interest due, dismissed the counterclaim against Zimmerman, and awarded costs incurred by Zimmerman. This appeal followed.
Appellants first contend that the trial court committed error in entering summary judgment on the issue of defendants’ liability on the note.
The moving party for summary judgment bears the burden of making a conclusive showing that there is no genuine issue of material fact. All inferences of fact from the proofs proffered at the hearing must be drawn against the moving party and in favor of the party opposing the motion. O’Grady v. Wickman, Fla.App.1968, 213 So.2d 321. It is not the function of the trial court to adjudicate genuine factual issues in considering a motion for summary judgment, but rather to determine whether any such issues of fact exist. Leaks v. Adeimy, Fla.App.1967, 195 So.2d 47. See also Whitehall Realty Corporation v. Manufacturers Trust Company, Fla. 1955, 81 So.2d 475.
Applying the above principles of law to the facts of the instant case, we have determined a genuine issue of material fact exists. Defendants’ answer raised the affirmative defense of lack of consideration. Such .a responsive pleading *639 may of itself be sufficient to preclude summary judgment if the movant has not supported his motion to the point of showing the paper issues to be sham. Greer v. Workman, Fla.App.1967, 203 So.2d 665.[1] Defendants in their answer, as well as by counter-affidavit in opposition to the motion for summary judgment, deny any indebtedness to plaintiff.
The depositions of plaintiff and defendants were on file and before the court for consideration on the motion for summary judgment. Greene v. Hoiriis, Fla.App.1958, 103 So.2d 226. These depositions set forth with particular clarity the dispute as to consideration for the note. Plaintiff’s position is that the note was intended by the parties to be a part of the purchase price, over and above the amount reflected in the contract to sell the trailer park. Defendants’ contention, as reflected in John T. Brady’s deposition, is that the note was intended to be effective only if some part of the $130,000 purchase price was not met, and that it was to be “null and void” if defendants came up with the entire purchase price, which they did.
These conflicting statements raise a genuine issue of material fact as to the existence of consideration for the note.
The remaining assignments of error as raised and argued in appellants’ brief have been considered and determined to be without merit.
Accordingly, that part of the final judgment relating to the promissory note is reversed, and the cause remanded for further proceedings consistent with the views herein expressed. In all other respects, the final judgment is affirmed.
Affirmed in part; reversed in part and remanded.
REED and MAGER, JJ., concur.

. But see Hardcastle v. Mobley, Fla.App.1962, 143 So.2d 716.