416 So.2d 896 (1982)
Andrew ESPOSITO, Appellant,
v.
Jean HORNING, Appellee.
No. 82-333.
District Court of Appeal of Florida, Fourth District.
July 14, 1982.
*897 Jerome M. Rosenblum, P.A., Hollywood, for appellant.
Jack Stein and Arthur R. Rosenberg of Bernstein, Bernstein, Feinman & Rush, P.A., Fort Lauderdale, for appellee.
DOWNEY, Judge.
Appellee, Jean Horning, filed suit against appellant, Andrew Esposito, in four counts. Count I sought declaratory relief, while the other three counts sought damages for breach of contract and fraudulent misrepresentation. The subject matter of the suit was a boat purchased by appellee, title to which ended up in appellant's name. An amended complaint was filed, adding, in part, a count for preliminary injunction.
The trial court entered a preliminary injunction not contained in the record. However, it appears the order required the boat to be kept at a boatyard rather than in the possession of the appellant. On February 3, 1982, the trial court denied appellant's motion to dismiss the complaint and modified the preliminary injunction by requiring the boat to be kept at the same boatyard and charges to be paid by appellee. On February 11, 1982, the court denied appellant's motions to dissolve the preliminary injunction and have the boat returned to him.
Appellant seeks reversal of the orders of February 3, 1982, and February 11, 1982. Three points are presented to demonstrate error. First, appellant contends error was committed in granting a preliminary injunction where irreparable injury was not pleaded and where there was no proof the boat was unique or peculiar, justifying an injunction. Second, appellant contends that the entire complaint was barred by the statute of frauds. Third, appellant argues that the grant of a preliminary injunction without a reasonable bond was improper.
Without any extended discussion, we hold there is no merit to the second and third points. However, the first point clearly demonstrates error.
The allowance of a preliminary injunction was erroneous on at least three grounds. The complaint is devoid of any allegation of irreparable injury. Absent such pleading and proof, a preliminary injunction may not lawfully be entered. Next, a preliminary injunction may not be entered if there is an adequate remedy at law. The controversy at hand involves a boat, which appellee claims she bought pursuant to a contract with appellant, who was to repair the boat. In two weeks, she alleges, the boat was to be sold and the profit divided. Appellee contends that appellant improperly took title in his name and now refuses to comply with the contract. Appellee has claimed damages in a number of counts and, if the complaint is proven, she should recover for her damages. That is an adequate remedy at law. Lastly, an injunction will not be granted for the return or retention of personal property unless the property is peculiar or unique. See: Price v. Gordon, 129 Fla. 715, 177 So. 276 (Fla. 1937); 17 Fla.Jur., Injunctions § 31. All three of these rules are neatly set forth by the court in First National Bank in St. Petersburg v. Ferris, 156 So.2d 421 (Fla. 2d DCA 1963):

*898 Basic to jurisdiction in equity is the rule that there must be a lack of an adequate remedy at law, and injunctive relief will not lie unless irreparable injury will result otherwise. Stoner v. South Peninsular Zoning Commission, (Fla. 1954) 75 So.2d 831; 17 Fla.Jur. Injunctions sections 17 and 77, pages 385 and 433. The injury must be of a peculiar nature, so that compensation in money cannot atone for it; or, as the rule has been otherwise stated, it must be of such a nature that it cannot be redressed in a court of law. Indian River Steam-Boat Co. v. East Coast Transp. Co., 1891, 28 Fla. 387, 10 So. 480, 487; Egan v. City of Miami, 1938, 130 Fla. 465, 178 So. 132. Thus, generally, equity will not injunctively command return of personal property unless it is of peculiar value and character and unless its loss or retention by one not entitled to it cannot be fully compensated in damages. Price v. Gordon, 1937, 129 Fla. 715, 177 So. 276; 17 Fla.Jur. Injunctions, section 31, page 393.
* * * * * *
A complainant, in alleging irreparable injury, must state facts which will enable the court to judge whether the injury will in fact be irreparable, and mere general allegations of irreparable injury will not suffice. Williams v. Dormany, 1930, 99 Fla. 496, 126 So. 117; Davis v. Wilson, 1939, 139 Fla. 698, 190 So. 716; Stoner v. South Peninsular Zoning Commission, supra. The facts comprising such injury must be presented clearly so that the court may determine the exact nature and extent of the possible injury. Charlotte Harbor & N.R. Co. v. Lancaster, 1915, 70 Fla. 200, 69 So. 720; Egan v. City of Miami, supra. If the injury complained of is doubtful, eventual, or contingent, injunctive relief will not be afforded. Shivery v. Streeper, 1888, 24 Fla. 103, 3 So. 865.
In testing the complaint to see if it can withstand a motion to dismiss for failure to state a cause of action for injunctive relief, the well-pleaded facts are admitted, but not conclusions of law or the opinions of the pleader. American Can Co. v. City of Tampa, 1943, 152 Fla. 798, 14 So.2d 203; Wallace Bros. v. Yates, Fla.App. 1960, 117 So.2d 202. Rather, there must be something more than this in order for a court to intervene by injunction. American Fire & Gas Co. v. Rader, 1948, 160 Fla. 700, 36 So.2d 270.
For the foregoing reasons we must reverse the granting of the preliminary injunction.
With the hope of assisting in the ultimate disposition of the case upon remand, we note that, while this non-final appeal was pending from the unsuperseded three orders in question, the trial court proceeded to final hearing and entered a final judgment on June 11, 1982. The court found in favor of appellee and directed sale of the boat and disposition of the proceeds as prayed for by appellee. That judgment is, of course, a nullity, Waltham A. Condominium Association v. Village Management, Inc., 330 So.2d 227 (Fla. 4th DCA 1976). While the trial court had jurisdiction to proceed with the case pending disposition of the non-final appeal, proceeding to final judgment and disposition of the cause had the effect of usurping the jurisdiction of this court.[1] This may all sound like legal gobbledegook to some since, upon remand, the trial judge can be expected to re-enter a similar final judgment. We concede that may be true, but jurisdiction is not a question a court can take or leave, and a judgment entered without jurisdiction is void.[2]
Accordingly, we reverse the order appealed from granting and maintaining the preliminary injunction and remand the cause to the trial court to proceed to final determination of the cause.
*899 REVERSED AND REMANDED, with directions.
GLICKSTEIN and DELL, JJ., concur.
NOTES
[1] Upon entry of the final judgment, appellant moved the court to stay said judgment while this appeal was pending. We granted that stay order. Almost simultaneously appellee asked us to dismiss the appeal as moot! The latter motion was denied.
[2] Rule of Appellate Procedure 9.130(f) also requires this result.