573 So.2d 1029 (1991)
John C. MORRIS, Appellant,
v.
Joyce RICKS, As Personal Representative of the Estate of Jan Rodney Ricks, Appellee.
No. 90-02338.
District Court of Appeal of Florida, Second District.
February 1, 1991.
*1030 Paul R. Pizzo of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, for appellant.
Michael N. Brown of Allen, Dell, Frank & Trinkle, Tampa, for appellee.
PARKER, Judge.
John Morris seeks interlocutory review of the trial court's order temporarily restraining the sale of securities. We reverse.
In 1989, Morris allegedly loaned Jan Ricks $10,750 to purchase 500,000 shares of stock in Fox Ridge Capital, Inc. Jan Ricks did not repay the loan and, at Morris's request, gave Morris security in the form of Stock Certificate No. 421 of Fox Ridge Capital, Inc. This certificate represented 5,000,000 shares of Fox Ridge stock.
Jan Ricks died in December 1989. Morris thereafter executed a statement of claim for the loan and filed it with the estate. The personal representative of Jan Rick's estate, Joyce Ricks, then filed an objection to Morris's claim.
Morris gave notice of the sale of the stock to the attorney for the personal representative. The personal representative then filed a petition for temporary injunction and restraining order, requesting the lower court to enter an order prohibiting the sale of the stock. The trial court restrained the sale of the stock based on the finding that "the shares in question are unique in character. The shares are restricted and may not be traded on the open market until March, 1991." The restraining order was conditioned upon the posting of a cash bond in double the amount of Morris's claim; the bond was posted.
The primary issue to be resolved in this case is whether the trial court erred as a matter of law when it found the stock to be unique, so that the estate of Ricks would not have an adequate remedy at law if the stock were sold. Although the trial court has great discretion in denying or granting a temporary injunction, that discretion presupposes that the legal requirements for the entry of an injunction have been met. Here, the party seeking the injunction, in this instance Ricks's estate, must plead and prove irreparable injury. See Esposito v. Horning, 416 So.2d 896 (Fla. 4th DCA 1982). A preliminary injunction is improper if there is an adequate legal remedy. Id. at 897.
The court essentially found that the lettered stock was unique and, as such, presumably would not permit its recovery at law for damages. This court's decision in First National Bank v. Ferris, 156 So.2d 421 (Fla. 2d DCA 1963) lends support for a finding in this case that there is an adequate remedy at law for any loss incurred by the estate as a result of the stock sale. In Ferris, this court disapproved a mandatory injunction requiring the replacement of stock allegedly wrongfully sold by the secured party, finding that the indebted party had an adequate remedy at law. The legal damages in Ferris were held to be readily ascertainable because the stock was purchasable in the open market, and the indebted party paid one price for the stock, and the secured party paid a certain higher price so that the value of the stock at each given instance could be ascertained.
The stock in this case, unlike the Ferris stock, was not tradeable in the open market, but was stock which was restricted in the time and manner of transfer. Under the Ferris reasoning however, if the value of the stock at issue in this case could be ascertained so that the estate could have a legal remedy for damages, then the injunction was improper. Certainly the amount for which Morris would sell the stock to satisfy the indebtedness is readily ascertainable. The actual worth or market value of the lettered stock at the time of the purported wrongful sale can be established by expert testimony, see Rochez Brothers, Inc. v. Rhoades, 527 F.2d 891 (3d Cir.1975); Kaufman v. Diversified Industries, Inc., 460 F.2d 1331 (2d Cir.1972), with any conflict in the expert testimony to be resolved by the trial court. Id.
Because any damages to the estate occasioned by Morris's wrongful sale of the *1031 lettered stock may be determinable mathematically, albeit upon expert testimony, the trial court erred in enjoining the stock's sale because the estate had available a legal remedy.
Reversed and remanded with directions to the trial court to withdraw its temporary restraining order.
SCHOONOVER, C.J., and PATTERSON, J., concur.