PER CURIAM.
We reverse a temporary injunction restraining appellant from disposing of personal property described in the complaint as “inventory, including motor vehicles, equipment, trade fixtures, tools, parts and accessories,” because an injunction should not be granted for the retention of personal property unless the property is unique. Esposito v. Homing, 416 So.2d 896 (Fla. 4th DCA 1982). The property described in this complaint does not meet that requirement. In addition, the temporary injunction is defective because it fails to “specify the reasons for entry,” as required by rule 1.610(c), Fla. R.Civ.P. and Prudential-Bache Securities, Inc. v. Greenspoon & Marder, P.A., 551 So.2d 584 (Fla. 4th DCA 1989).
Reversed.
HERSEY and KLEIN, JJ., and DOWNEY, JAMES C., Senior Judge, concur.