DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JEAN DOMINIQUE MORANCY,**
Appellant,

v.

**DEPARTMENT OF REVENUE,**
Appellee.

No. 4D2025-0239

[March 25, 2026]

Appeal from the Department of Revenue; L.T. Case No. 24F-15063.

Jean Dominique Morancy, Miramar, pro se.

James Uthmeier, Attorney General, Tallahassee, and Sarah C. Prieto, Assistant Attorney General, Fort Lauderdale, for appellee.

*ON CONFESSION OF ERROR*

PER CURIAM.

Appellant appeals the Department of Revenue's ("DOR") certifications for federal tax refund offset and passport revocation/denial based on appellant's alleged child support arrearages. We accept the DOR's confession of error and reverse.

The trial court entered a final judgment and corrected final judgment requiring appellant to pay child support. The trial court entered these judgments while two nonfinal appeals were pending. Subsequently, the DOR issued certifications for federal tax refund offset and passport revocation/denial based on appellant's alleged arrearages. After the disposition of the nonfinal appeals, the trial court vacated and set aside the corrected final judgment and reissued a new final judgment with the same terms.

Appellant argues the DOR erred in certifying a federal tax refund offset and passport revocation/denial because the certifications were based on a void judgment. The DOR concedes error. The certification was based on the corrected final judgment that was entered while the two nonfinal

appeals were pending. Thus, the trial court lacked jurisdiction to enter the corrected final judgment. *See* Fla. R. App. P. 9.130(f) ("[T]he lower tribunal may not render a final order disposing of the cause pending such review absent leave of the court."); *Esposito v. Horning*, 416 So. 2d 896 (Fla. 4th DCA 1982) (finding that a final judgment entered while an appeal was pending was a nullity). Because there was no valid judgment at the time of the certifications, there was no basis upon which to find appellant had unpaid arrearages. The new final judgment did not cure the error because the certifications were based on the invalid corrected final judgment. Accordingly, we reverse the certifications.

*Reversed.*

KUNTZ, C.J., GROSS and LEVINE, JJ., concur.

\* \* \*

***Not final until disposition of timely-filed motion for rehearing.***