477 So.2d 656 (1985)
Robert CLARK; Slender You Figure Salons, Inc., a Florida Corporation; Slender You Sales, Inc., a Florida Corporation; and R.C. Engineering and Machining, Inc., a Florida Corporation, Appellants,
v.
ALLIED ASSOCIATES, INC., Appellee.
No. 84-1574.
District Court of Appeal of Florida, Fifth District.
October 31, 1985.
*657 Charles L. Steinberg and William Hobby, Orlando, for appellants.
Lavinia K. Dierking of Duckworth, Allen, Dyer & Pettis, P.A., Orlando, for appellee.
SHARP, Judge.
The defendants appeal from a final judgment awarding compensatory and punitive damages, a permanent injunction, and a judgment awarding attorney's fees. We affirm all the orders except the permanent injunction which is overly broad.
Paragraph one of the first portion of the permanent injunction enjoined the defendants for a period of forty-eight months from:
1. Making, using or selling (or offering to sell) motorized exercise equipment in any of the five categories in this lawsuit; e.g., sand bag machine, waist-tummy-hip machine, leg machine, stretch machine or vibrator machine.
This provision is hopelessly broad. Moreover, it does not restrict its application to a specific geographical area.
Also defective is the second part of the permanent injunction which permanently enjoins the defendants from:
1. Making, using or selling any motorized equipment incorporating
a) The so-called "Clark improvements,"
b) The measurements made by Defendant Clark on or about May 12, 1981,
c) The frame construction developed by Defendant Clark for Plaintiff,
d) The so-called "Monco" designed equipment which was developed from the disclosure by Defendant Clark of the machines directly copied from Plaintiff's designs, or
e) The over-all distinctive and nonfunctional appearance of Plaintiff's motorized exercise equipment.
This language fails to designate with sufficient particularity the acts, machines or things enjoined against and it is therefore also overly broad. Compare For Adults Only, Inc. v. State Ex Rel Gerstein, 257 So.2d 912 (Fla. 3rd DCA 1972), cert. denied, 292 So.2d 592 (Fla. 1974).
Finally, we strike the last portion of the permanent injunction ordering the defendant to deliver drawings, materials, photographs, and machines to the plaintiff. Equity will not injunctively command return of personal property unless it is of peculiar value and character and unless its loss or retention by one not entitled to it cannot be fully compensated in damages. Price v. Gordon, 129 Fla. 715, 177 So. 276 (1937); Esposito v. Horning, 416 So.2d 896 (Fla. 4th DCA 1982). Here, the property is not of a peculiar value and character and the money damages award adequately compensated the plaintiff. Nor were the machines ever originally the property of the plaintiff.
An injunctive order should never be broader than is necessary to secure the injured party, without injustice to the adversary, relief warranted by the circumstances of the particular case. The order should be adequately particularized, especially where some activities may be permissible and proper. Moore v. City Dry Cleaners and Laundry, Inc., 41 So.2d 865, 871 (Fla. 1949). Such an order should be confined within reasonable limitations and phrased in such language that its requirements can be met, without resort to portions of the record or facts outside the *658 "four corners" of the injunction itself. One against whom an injunction is directed should not be left in doubt as to what he is required to do. Pizio v. Babcock, 76 So.2d 654, 655 (Fla. 1954). Because the permanent injunction in the instant case does not satisfy these requirements, we quash it and remand to the trial court to redraft it in accordance with this opinion.
QUASHED AND REMANDED.
DAUKSCH and COWART, JJ., concur.