ORFINGER, Judge.
Appellee is contesting setback variances granted to appellant by the Lake County Board of Zoning Appeals and prevailed below in securing a temporary injunction which enjoins appellant “from making or continuing to make any further improvements ...” to its property pending the outcome of the litigation. We affirm the entry of the temporary injunction because it meets the criteria for entry of such orders set forth in cases such as Satellite Development Corp. v. Tortoise Island Homeowner’s Association, Inc., 487 So.2d 1157 (Fla. 5th DCA 1986); Florida Land Company v. Orange County, 418 So.2d 370 (Fla. 5th DCA 1982); Graham v. Edwards, 472 So.2d 803 (Fla. 3d DCA 1985), review denied, 482 So.2d 348 (Fla.1986). Nevertheless, in enjoining any further improvements to appellant’s property, the order is overbroad because, except for any question as to the validity of the setback variances, the use of the property for an animal shelter is not in issue. See Clark v. Allied Associates, Inc., 477 So.2d 656 (Fla. 5th DCA 1985) (“An injunctive order should never be broader than is necessary to secure the injured party, without injustice to the adversary, relief warranted by the circumstances of the particular case. The order should be adequately particularized, especially where some activities may be permissible and proper.”).
We therefore remand the case to the trial court with directions to amend the temporary injunction in such manner as will not prohibit the appellant from making lawful *1162 improvements to its property which do not rely on the setback variances, pending the ultimate outcome of the litigation.
AFFIRMED in part and REMANDED.
DAUKSCH, J., and McNULTY, J.P., Associate Judge, concur.