643 So.2d 28 (1994)
David K. BROWER and Sharon Turnbull Brower, Appellants,
v.
Christopher HUBBARD, et al., Appellees.
No. 93-0458.
District Court of Appeal of Florida, Fourth District.
September 9, 1994.
Rehearing Denied October 27, 1994.
*29 Clifford M. Miller of Clifford M. Miller, Chartered, Vero Beach, for appellants.
Christopher D. Imlay of Booth, Freret & Imlay, Washington, DC, for amicus curiae  The American Radio Relay League, Inc.
Bruce Barkett of Collins, Brown & Caldwell, Chartered, Vero Beach, for appellees.
GUNTHER, Judge.
Appellants, David K. and Sharon Turnbull Brower (the Browers), defendants below, appeal from a final judgment rendered below in favor of the plaintiffs. The Browers were ordered to remove an eighty-seven foot radio tower/antenna from their property and were enjoined from making further ham radio transmissions from their home. We affirm the removal of the tower/antenna but reverse the injunction because it is overly broad.
The Browers are residents of a single-family home subdivision called Suburban Acres. There are no overhead utilities in Suburban Acres; all of the utilities, including electric and cable, are underground. The Browers' deed contained a number of covenants, two of which are implicated here. The first covenant restricts the use of the property to residential purposes and states, "[n]o building shall be erected, altered placed or permitted to remain on any lot other than one detached dwelling not to exceed two (2) stories in height... ." Covenant number four prohibits any noxious or offensive activity on any lot, and any activity that may be or may become an annoyance or nuisance to the neighborhood. The covenants were not only recorded, but the Browers had actual knowledge of the covenants prior to purchasing their lot.
The Browers are both ham radio operators licensed by the Federal Communications Commission. On October 25, 1990, the Browers erected a metal transmitting tower topped by a radio antenna (tower/antenna). The overall height of the structure is approximately eighty-seven feet. The Browers testified that these were the minimum heights required if they were to improve their radio activities. To power their activities, the Browers used a 1000-watt transmitter.
Almost immediately after the transmission tower/antenna was erected, a number of neighbors complained. At trial, there was testimony that the radio transmissions of the Browers caused interference with the neighbors' electronic equipment, including televisions, telephones, answering machines, and electronic garage door openers.
After the Browers failed to alleviate the situation, fifteen couples residing in Suburban Acres filed suit in circuit court seeking declaratory and injunctive relief. The plaintiffs sought relief on a variety of grounds including common law nuisance and violation of the restrictive covenants.[1]
After hearing all the evidence, the trial court found that the appearance of the tower/antenna was not sufficiently ugly to constitute a common law nuisance. The trial court did, however, find that the tower/antenna violated both restrictive covenant number one and number four. The trial court then ordered the tower/antenna removed and enjoined the Browers from all future radio transmissions from their property.
Restrictive covenant number four prohibits the conduct of any noxious or offensive activity on the property, and the doing of anything which may be or may become an annoyance or nuisance to the neighborhood. Although restrictive covenants should be narrowly construed in favor of the free transferability of property, they should never be construed in a manner that would defeat the plain and obvious purpose and intent of the restriction. See Perry v. Spavale, 828 S.W.2d 709, *30 711 (Mo. Ct. App. 1992). The obvious intent of restrictive covenant number four was not only to maintain the aesthetic and residential nature of Suburban Acres, but also to proscribe activity that would "annoy" or interfere with families living in the subdivision. The operation of the radio tower/antenna clearly interfered with the plaintiffs' electronic equipment. As such, the Browers' construction and operation of the radio tower/antenna constituted an "annoyance" to the remaining neighbors of Suburban Acres. Accordingly, we agree with the trial court that the tower/antenna violated restrictive covenant number four.[2]
We next turn our attention to the injunction ordered by the trial court, which we reverse because it was overly broad. The trial court enjoined the Browers from "further amateur radio transmission from their Suburban Acres Subdivision home." The plaintiffs, however, only sought to enjoin the Browers from radio operations that cause "interference with the reception on Plaintiffs' televisions, radios, telephones, and computers."
Injunctions must be specifically tailored to each case; they should not infringe upon conduct that does not produce the harm sought to be avoided.
An injunctive order should never be broader than is necessary to secure [to] the injured party, without injustice to the adversary, relief warranted by the circumstances of the particular case. The order should be adequately particularized, especially where some activities may be permissible and proper.
Clark v. Allied Associates, Inc., 477 So.2d 656, 657 (Fla. 5th DCA 1985) (citing Moore v. City Dry Cleaners and Laundry, Inc., 41 So.2d 865, 871 (Fla. 1949)).
In the instant case, there are some amateur radio transmissions that the Browers could make from their home that would not cause any interference with the neighbors' electronic devices. The Browers testified that they previously used a smaller antenna and that there had been no complaints from the neighbors. Furthermore, all of the plaintiffs testified that their problems started with the installation of the tower/antenna. Therefore, the injunction issued by the trial court is overly broad because it prohibits all radio transmissions, regardless of whether they interfered with the plaintiffs' electronic devices.
Accordingly, we reverse and remand with directions to the trial court to modify the injunction so as to limit it to those transmissions that interfere with the plaintiffs' use of their electronic devices.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
KLEIN and STEVENSON, JJ., concur.
NOTES
[1] After being removed by the Browers to federal court, the district court dismissed the common law nuisance claim grounded in the interference of electronic equipment as a matter preempted by the Federal Communications Commission. The remaining issues were remanded back to state court because the Browers admitted in the pleadings that these issues are solely a matter of state law.
[2] Because we find that the tower/antenna violated restrictive covenant number four, we need not address whether the tower/antenna violated restrictive covenant number one.