KLEIN, Judge.
The appellants, who employed appellee to perform services in their citrus groves, appeal an order requiring appellants to deposit the sale proceeds of their crop into the registry of court. We reverse.
Appellee alleged that the appellants failed to pay them for services rendered, asserted a lien for labor in raising crops under section 713.59, Florida Statutes (1993), and moved for injunctive relief, claiming that the appellants were disposing of the crops which were subject to their lien. The court responded to the motion for injunction by ordering the sale proceeds of the crop to be deposited with the court.
Although the statute gives the appellee a lien on the crop, it does not do so on the money generated by crop sales, nor does it authorize the court to require these funds to be deposited with the registry of the court. Florida Rule of Civil Procedure 1.600, Deposits in Court, provides that a party: “may deposit” money or other things capable of delivery with the court; however, we find nothing in that rule which would authorize the compelling of the deposit under the facts of this case.
We conclude that this ease is controlled by Wincast Associates, Inc. v. Hickey, 320 So.2d 17, 18 (Fla. 4th DCA 1975), in which this court adopted the following principle found in 23 Am.Jur.2d, Deposits in Court, Section 2 (1965):
The authority conferred on a court to order a deposit of money or property does not apply if the money in the possession of the party is not the subject of the litigation, but rather its payment is an incident thereto, dependent on the judgment to be rendered in the action, as in the case of an action for redemption, specific performance, accounting, rescission, or the like.
Id. at 737.
We therefore reverse the order requiring the deposit with the court.
POLEN and PARIENTE, JJ., concur.