QUINCE, Judge.
Kimberly Speer and Michael Saliu, appellants, challenge an order of the trial court which denied their motion to dissolve an injunction and denied their motion to dismiss counts III and IV of a petition for temporary injunction and other relief. We reverse that portion of the order which grants injunctive relief for the return of the property.
On April 13, 1994, the appellees filed a verified emergency petition for temporary injunction and other relief. At the hearing on the petition, appellee Carol Evangelista indicated the property which was the subject of the requested injunction had been taken from the State of Florida and was in a truck operated by Frank Saliu headed to Illinois. The trial court, on April 14, 1994, entered an order enjoining the removal of the property from the restaurant[1] and ordering its return. A clarified order, entered on the same day, ordered the sheriffs of the State of Florida to locate and return a Ryder and U-Haul truck (containing the property) to Marco Island, Florida. On April 21, 1994, the appellees filed a motion for contempt and notice of hearing. The appellants were found in contempt on April 25, 1994.
Thereafter, the appellants filed a verified motion to dissolve injunction, a motion to dismiss petition, and a verified motion to set aside contempt order. After a hearing on May 2, 1994, the trial court vacated its prior orders, denied the motion to dismiss, and issued an injunction for the return of the property by May 6, 1994. On May 19, 1994, the court found appellants in contempt for failure to return the property.
The injunction issued by the court on May 6, 1994, was based on the same information presented at the hearing on April 14, 1994. Thus, the court knew the property had not only been removed from the restaurant premises but had also been removed from the state. Generally, injunc-tive relief is available to prevent a threatened harm but is not available to redress harm *1342 which has already occurred. Lieberman v. Marshall, 236 So.2d 120 (Fla.1970); Quadomain Condominium v. Pomerantz, 341 So.2d 1041 (Fla. 4th DCA 1977). Injunctions which command that acts be undone are looked upon with disfavor. First National Bank v. Ferris, 156 So.2d 421 (Fla. 2d DCA 1963). However, injunctive relief is appropriate for the return of property if the property is of such a peculiar value or character that it cannot be fully compensated by damages. Clark v. Allied Assoc. Inc., 477 So.2d 656 (Fla. 5th DCA 1985).
There is nothing in the record to suggest the restaurant and bar equipment in this case is of peculiar value or character. Additionally, the appellees are seeking money damages for the value of the property in counts III and IV of their petition. Since the property had already been removed and the plaintiffs can be fully compensated for the property, assuming they prevail on the counts for damages, the trial court erred in failing to grant the motion to dissolve the injunction. We reverse that portion of the order denying the motion to dissolve but affirm in all other respects.
CAMPBELL, A.C.J., and FRANK, J., concur.

. The property, which is the subject of the petition and this appeal, is restaurant and bar equipment from Palm Garden Restaurant and Lounge, Inc.