THOMPSON, J.
The appellant, Vance Realty Group, Inc. (“Vance Realty”), challenges the nonfinal order authorizing the disbursement to Am-South on behalf of the appellees[1] $21,337.80 in funds it paid into the registry of the court. Because the funds paid into the registry were not the proper subject of any claim for relief and were deposited without leave of court, they were not in the lawful custody of the court and were disbursed in error. We therefore reverse.
We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii). Vance Realty, the tenant in a commercial lease agreement, executed a three-year lease on 2 July 2001 to run from September 2001 through 31 August 2004 with Park Place at Metrowest, Phases Six and Seven, Ltd. (“Park Place”), the landlord. The base rent payment for the first year was $5972.92 at the inception of the lease, but the rent payment was subject to annual increases. Vance Realty paid a security deposit of $11,750.
On 19 March 2004, Vance Realty filed a two-count complaint alleging fraud in the inducement against David Townsend, the sole officer and director of Park Place, and breach of contract against Park Place and its general partner, Park Place Development Company. Vance Realty alleged that prior to executing the lease Townsend intentionally made false statements of material fact to Vance Realty’s directors promising space of its choice in a yet-to-be-built Esplanade complex. Vance Realty alleges in the breach of contract claim inadequacies and failures to repair the HVAC system, failure to maintain the property in good condition, and failure to pay utility bills as agreed, hindering Vance Realty’s quiet and peaceful enjoyment and use of the premises. Vance Realty added that it believed that Park Place and its general partner were insolvent, jeopardizing its ability to recoup the security deposit at the end of the lease term. Contending that the premises were unfit for use as a commercial real estate office, it demanded damages in the form of lost profits, business interruption, moving expenses, and other costs. Vance Realty did not allege constructive eviction, and it remained in the premises. Concurrent with the filing of the complaint, Vance Realty paid the March through May lease payments of $7112.60, for a total of $21,337.80, *518 into the registry of the court without leave of court or notice to the other party.
Park Place filed a motion seeking disbursement of the funds held in the court registry, asserting that Vance Realty failed to satisfy the statutory prerequisites of section 83.201, Florida Statutes (2004),[2] to negate the duty of payment. At the hearing, Park Place also argued that, in the context of an action by the landlord under section 83.232,[3] the court may disburse registry funds if the landlord demonstrates that it is in actual danger of loss of the premises or other hardship resulting from the loss of income. We disagree with this premise.
Park Place had not asserted a landlord-tenant claim for the possession of the property. Vance Realty’s counsel admitted that neither section 83.201 nor 83.232 applied and that the gist of the lawsuit was the fear they would lose the security deposit due to the appellees’ insolvency. Vance Realty’s counsel also conceded that they had not followed the propér procedure to place funds in the registry of the court by acting unilaterally and without notice to the other party or the court. Citing Florida Rule of Civil Procedure 1.600, Deposits in Court, that requires notice to every other party and by leave of court, Vance Realty argued that, despite its improper procedure, it was entitled to a return of the funds because the funds remained the property of Vance Realty. Vance Realty cited Phipps v. Watson, 108 Fla. 547, 147 So. 234, 235 (1933), and argued that funds paid into the registry without the court’s sanction are' subject to withdrawal by the depositor because they are not in the lawful custody of the court. In Phipps, the court addressed competing claims, to $50,000 deposited into the registry of the court and held that, where a party litigant, pursuant to court order, pays into the registry of the court as an unconditional tender of a sum of money which he contends is due by him to his adversary litigant in a cause pending between them, the title to the sum passes irrevocably to the adversary though he does not accept it until the conclusion of the litigation. Id. In contrast, funds paid into the registry of the court without the court’s sanction are subject to withdrawal by the depositor and do not become funds in the lawful authority of the court. Id. Citing Phipps, Vance Realty asserted that until the court’s order permits such a deposit, the funds may be withdrawn at the will of the depositor.
The landlord asserted no claim respecting the funds, and there was no litigation pending alleging a claim for possession of real property. Had there been, the court could have ordered Vance Realty to pay rent into the registry of the court pursuant to section 83.232(1). Here, the tenant deposited the funds in the registry without sanction of the court or notice to any other party.
As the Fourth District asserted in Geany v. Packers of Indian River, Inc., 660 So.2d 1144 (Fla. 4th DCA 1995), “[t]he authority conferred on a court to order a *519 deposit of money or property does not apply if the money in the possession of the party is not the subject of the litigation.Id. at 1145 (citations omitted).
We conclude that the monies never passed into the lawful authority of the court, and the court erred in disbursing the funds from the registry of the court on behalf of the appellees. We reverse and remand for further proceedings consistent with this opinion.
REVERSED.
GRIFFIN and PALMER, JJ., concur.

. Park Place at Metrowest, Phases Six and Seven, Ltd., a Florida limited partnership; Park Place Development Company, its general partner; and David J. Townsend.

. Section 83.201 sets forth the procedure the tenant must follow to withhold rent after prescribed written notice to the landlord that the premises are untenantable and the landlord fails to make the specific repairs within twenty days.

. Section 83.232 provides for rent to be paid into the registry of the court in "an action by the landlord which includes a claim for possession of real property.” The statute, among other things, also allows the landlord to apply to the court for disbursement of all or part of the funds held in the court registry if the landlord is in actual danger of loss of the premises or other hardship resulting from the loss of rental income from the premises.