TORPY, J.
Appellants challenge a temporary injunction entered following an evidentiary hearing. We reverse.
*992 This is a classic example of what often occurs when parties attempt to consummate a complex business transaction without the benefit of legal representation. What makes this case especially remarkable is that this business transaction involved almost half a million dollars. Within twenty days after the so-called closing of the sale of business assets, the entire transaction unraveled, culminating in legal proceedings. Appellee sued Appellants for breach of contract, among other things, and sought an injunction. Both parties were represented by lawyers in the lower court proceedings. In an effort like trying to put toothpaste back in the tube, Appel-lee’s counsel scheduled an “emergency” hearing before the trial court. Within the one-hour time constraint reserved by Ap-pellee’s counsel, the trial court attempted to sort through this quagmire and afford some temporary relief. Unfortunately, despite the trial court’s best efforts, the resulting order is legally untenable.
The parties executed what was labeled a “Standard Asset Purchase Contract and Receipt,” wherein Appellants agreed to sell certain assets to Appellee. The document is not a model of clarity. To further complicate matters, although the contract provided that all documents necessary to close would be signed at closing, the parties “closed” the transaction before executing these ancillary documents — the most significant of which was a lease of the business premises where the assets were located. The written agreement contemplated that the “seller” would “assign,” and Appellee would assume, the lease on the premises at closing. Both parties acknowledged, however, that there was no lease to assign because one of the Appellants (or some entity controlled by one of the Appellants) owned the building. Instead, the parties orally agreed that a new lease would be prepared and executed after closing. The parties also orally agreed that Appellants and Appellee would both occupy the business premises for some undetermined time after closing. Conflicting testimony was presented regarding the rental payment amount. There was no evidence of .any discussion regarding the duration of the lease and its non-monetary terms, such as who would provide insurance, pay the taxes, or maintain the premises. A written lease was clearly contemplated but not executed before Appellants declared Appellee in default, locked Appel-lee out of the premises, repossessed the assets, and sold some of the assets to cover purported damages. From closing until the lockout, Appellee only occupied the premises for twenty days.
The trial court issued a temporary injunction. It concluded that Appellants’ actions in locking Appellee out of the premises constituted a wrongful self-help “eviction.” Accordingly, it ordered Appellants to restore Appellee to possession of the “portion of the premises” that Appellants “conveyed” to Appellee pursuant to the asset purchase agreement. For obvious reasons, the order did not specify what “portion” of the premises was involved, nor did it make any provisions for the payment of rent, utilities, taxes, maintenance, or other terms of the ostensible lease during the injunction period. Although the court conditioned the injunction on the posting of an injunction bond, the condition of the bond was limited to damages for a wrongful injunction, not the payment of rent and other expenses associated with the lease of the premises.
A mandatory injunction should be issued in only the rarest of circumstances where the rights are clear and certain. Spradley v. Old Harmony Baptist Church, 721 So.2d 735, 737 (Fla. 1st DCA 1998). Here, on the evidence presented at the abbreviated hearing, it is doubtful that the parties had a meeting of the minds on the essential terms of the so-called lease. Even if they had, the agreement clearly *993 fell far short of the requisite certainty for purposes of obtaining the extraordinary relief of a mandatory injunction. Similarly, the injunction order itself lacks the requisite definiteness. Because the violation of an injunction order is punishable by contempt, the injunction order itself must “describe in reasonable detail the act or acts restrained without reference to a pleading or another document....” Fla. R. Civ. P. 1.610(c); Yardley v. Albu, 826 So.2d 467, 470 (Fla. 5th DCA 2002); see also Somerstein v. City of Miami Beach, 819 So.2d 158, 162 (Fla. 3d DCA 1975) (“[T]he acts or things enjoined should be specified in the decree with such reasonable definiteness and certainty ... that a defendant bound by the decree readily may know what he must refrain from doing without the matter being left to speculation and conjecture.”). The order here does not adequately apprise Appellants of what is required.
The injunction order also must be reversed for other reasons. The trial court’s finding of a “wrongful” eviction, even if correct, is insufficient to support the remaining aspects of the injunction. The trial court failed to' address Appellants’ claim that they were entitled to repossess the business assets based upon Appellee’s default. A temporary injunction may be entered only where the party seeking the injunction establishes: (1) the likelihood of irreparable harm; (2) the unavailability of an adequate remedy at law; (3) a substantial likelihood of success on the merits; and (4) considerations of public interest support entry of the injunction. Yardley, 826 So.2d at 470. Here, the order fails to address whether Appel-lee has an adequate remedy at law for the alleged wrongs. Absent unusual circumstances, claims of the nature described in the complaint may be redressed in an action for money damages. See, e.g., Speer v. Evangelisto, 662 So.2d 1340 (Fla. 2d DCA 1995) (holding that where alleged conversion of business assets already complete, injunction to undo acts not available). The injunction order also improperly references other documents to describe the acts restrained, in violation of rule 1.610(c). Finally, as for the requirement that Appellants deposit money into the registry of the court, this order is not authorized under the facts of this case. The money is not the subject of the suit and is recoverable, if at all, only as a component of money damages. See Geany v. Packers of Indian River, Inc., 660 So.2d 1144 (Fla. 4th DCA 1995) (holding that court erred in requiring appellant to deposit sale proceeds into court registry where underlying suit involved lien on items sold rather than sale proceeds).
REVERSED.
SAWAYA and COHEN, JJ„ concur.