DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PATRICK A. NEPTUNE,**
Appellant,

v.

**PHILIP LANOUE,**
Appellee.

No. 4D14-3133

[November 4, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Richard Eade, Judge; L.T. Case No. DVCE 14-4939.

Patrick A. Neptune, Miramar, pro se.

No appearance for appellee.

FORST, J.

Appellant Patrick Neptune appeals the granting of an injunction against stalking issued in favor of Appellee Philip Lanoue ("the Officer"). The appeal raises several issues, most notably arguing that the petition for the injunction failed to allege incidents of stalking as defined by statute and that there was insufficient evidence at trial to support the injunction. We disagree and accordingly affirm the entry of the injunction. However, we agree with Appellant that one of the conditions of the injunction was unconstitutional and therefore reverse and remand to the trial court to strike or modify the terms of the injunction preventing Appellant from posting on the Internet regarding the Officer.

**Background**

The Officer is a police officer for a city police department in Florida. Appellant alleges that the Officer "cut him off" in traffic, so Appellant followed the Officer into the neighborhood in which they both lived and scolded him for his driving. According to Appellant, the Officer then stopped Appellant from leaving the area and wrote him a ticket for failing to wear a seatbelt, an allegation Appellant staunchly denies. Appellant claims the Officer later informed Appellant's parents of the incident.

Appellant subsequently sent several letters to the Officer's Chief and several other public officials, complaining about his mistreatment by the Officer. Appellant sent at least three letters to the Officer's home address. Appellant also posted the Officer's picture on a "copblock" website with a complaint about the incident.

This conduct led the Officer to seek an injunction against stalking directed toward Appellant. A final injunction was issued prohibiting Appellant from coming within 500 feet of the Officer's residence, from posting anything on the Internet regarding the Officer, and from defacing or destroying the Officer's personal property. As stated above, we write solely to discuss the prohibition affecting Appellant's Internet speech.

## Analysis

"'[N]ot all speech is of equal First Amendment importance.'" *Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46, 56 (1988) (quoting *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749, 758 (1985)).

> [W]here matters of purely private significance are at issue, First Amendment protections are often less rigorous. That is because restricting speech on purely private matters does not implicate the same constitutional concerns as limiting speech on matters of public interest: There is no threat to the free and robust debate of public issues; there is no potential interference with a meaningful dialogue of ideas; and the threat of liability does not pose the risk of a reaction of self-censorship on matters of public import.

*Snyder v. Phelps*, 562 U.S. 443, 452 (2011 (internal quotations and citations removed). In contrast, "[s]peech on 'matters of public concern' . . . is 'at the heart of the First Amendment's protection.'" *Id.* at 451-52 (quoting *Dun & Bradstreet*, 472 U.S. at 758-59). "[E]xpression on public issues 'has always rested on the highest rung of the hierarchy of First Amendment values.'" *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 913 (1982) (quoting *Carey v. Brown*, 447 U.S. 455, 467 (1980)).

In this case, the amount of protection afforded to Appellant's speech turns on whether it is of public or private significance.

> Speech deals with matters of public concern when it can be fairly considered as relating to any matter of political, social, or other concern to the community, or when it is a subject of

2

> legitimate news interest; that is, a subject of general interest and of value and concern to the public.

*Snyder*, 562 U.S. at 453 (internal quotations and citations omitted). While personal attacks on the Officer ordinarily would not be considered to be "of public concern," Appellant's online posting was exclusively about an alleged abuse of power by the Officer acting in his official capacity as a police officer. Obviously, alleged misconduct by police officers is a matter of "general interest and of value and concern to the public." Additionally, "[e]nsuring the public's right to gather information about their officials not only aids in the uncovering of abuses, but also may have a salutary effect on the functioning of government more generally." *Glik v. Cunniffe*, 655 F.3d 78, 82-83 (1st Cir. 2011) (citations omitted). *See also Gentile v. State Bar of Nev.*, 501 U.S. 1030, 1035 (1991) (stating that "dissemination of information relating to alleged governmental misconduct" is "speech which has traditionally been recognized as lying at the core of the First Amendment.").

The First Amendment protects Appellant's right to criticize public officials such as the Officer. "The freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state." *City of Houston v. Hill*, 482 U.S. 451, 462-63 (1987). The injunction issued by the trial court is impermissibly broad and, insofar as it states "the Respondent shall not 'post' on the Internet regarding the Petitioner," in violation of Appellant's First Amendment right to free speech. The injunction paints with unduly broad strokes on a very large canvas, and goes far beyond enjoining Appellant's cyberstalking[1] of the Officer. As such, the injunction must be reformulated and narrowly tailored in order to more properly balance the desire to protect the Officer from harassment and stalking with the need to safeguard Appellant's First Amendment rights.

## Conclusion

The most efficient way to achieve the aforementioned balance is by striking the provision in the injunction which unduly interferes with Appellant's freedom of speech. On remand, to the extent that the trial

---

[1] "'Cyberstalk' means to engage in a course of conduct to communicate, or to cause to be communicated, words, images, or language by or through the use of electronic mail or electronic communication, directed at a specific person, causing substantial emotional distress to that person and serving no legitimate purpose." § 748.048(1)(d), Fla. Stat. (2015).

court decides to retain some level of restriction on Appellant's internet postings, it must narrow the scope of the injunction to those communications directed to the Officer with respect to "purely private matters" causing "substantial emotional distress" to the Officer or his family and "serving no legitimate purpose."

*Affirmed in part, reversed in part.*

CIKLIN, C.J., and MAY, J., concur.

\*    \*    \*

***Not final until disposition of timely filed motion for rehearing.***