NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JAMES HOWARD SMITH, II,           )
                                  )
           Appellant,             )
                                  )
v.                                )     Case No. 2D14-3341
                                  )
SHANE WIKER,                      )
                                  )
           Appellee.              )
_____)

Opinion filed May 25, 2016.

Appeal from the Circuit Court for Polk
County; Keith P. Spoto, Judge.

Matthew A. Leibert of Urban Thier Federer
& Chinnery, P.A., Orlando, for Appellant.

Robert H. Grizzard, II of Robert H.
Grizzard, II, P.A., Lakeland, for Appellee.

SILBERMAN, Judge.

        James Howard Smith, II, appeals a final judgment of injunction for

protection against stalking entered in favor of Shane Wiker (the neighbor).  We affirm

without comment the final judgment in its entirety except for one provision.  We reverse

the portion of the injunction that prohibits Smith from lingering on his driveway and

remand for the trial court to more narrowly tailor the provision to prevent harassment of

the neighbor.

The injunction prohibits Smith from going within 500 feet of the neighbor's residence but also includes the following provision: "The Respondent may travel on his driveway to enter and leave his property but may not linger on his driveway. The Respondent is permitted to continue to live in his home but shall have no contact w/the Petitioner." The injunction also requires Smith to remove the cameras bordering the neighbor's property within ten days and allows Smith to be on his driveway for that ten-day period in order to comply with the injunction.

Smith argues that the order to not linger on his driveway prohibits him from engaging in lawful conduct on his own property and violates his fundamental right under article I, section 2, of the Florida Constitution to acquire, possess, and protect property. Smith argues that it is axiomatic that he may not use his property to stalk anyone but that he may use his property for any lawful purpose. Smith contends that the trial court could have ordered Smith to not perform any act on his property that was harassing to the neighbor and that a narrower order would have been the least restrictive means of affecting Smith's property rights.

"Property rights are among the basic substantive rights expressly protected by the Florida Constitution." Dep't of Law Enf't v. Real Prop., 588 So. 2d 957, 964 (Fla. 1991) (citing Art. I, § 2, Fla. Const.). In granting an injunction for protection against stalking, the trial court may restrain an individual "from committing any act of stalking" and order "such other relief as the court deems necessary for the protection of a victim of stalking." § 784.0485(6)(a)(1), (6)(a)(4), Fla. Stat. (2013). However, a court should not issue an injunction broader than necessary to protect the injured party under the particular circumstances. Clark v. Allied Assocs., Inc., 477 So. 2d 656, 657 (Fla. 5th

- 2 -

DCA 1985). "The order should be adequately particularized, especially where some activities may be permissible and proper." Id.; see also Brower v. Hubbard, 643 So. 2d 28, 30 (Fla. 4th DCA 1994) ("Injunctions must be specifically tailored to each case; they should not infringe upon conduct that does not produce the harm sought to be avoided.").

In Brower, a case dealing with restrictive covenants, the trial court enjoined the appellants from making any amateur radio transmissions from their residence. 643 So. 2d at 30. The appellate court determined that the injunction was overbroad because it prohibited "all radio transmissions, regardless of whether they interfered with the [neighbors'] electronic devices." Id. And, in Leesburg Humane Society, Inc. v. Kauffman, 546 So. 2d 1161 (Fla. 5th DCA 1989), involving an action contesting setback variances, a temporary injunction prohibited the appellant from making any further improvements on his property pending completion of the litigation. The Fifth District determined that the injunction was overbroad and remanded for the trial court "to amend the temporary injunction in such manner as will not prohibit the appellant from making lawful improvements to its property which do not rely on the setback variances." Id. at 1161-62.

Courts have also found injunctions to be overbroad in cases dealing with stalking. In Webb v. Jacobson, 175 So. 3d 938, 939 (Fla. 5th DCA 2015), the Fifth District determined that an injunction for protection against stalking was overbroad and remanded for the trial court to narrow it when the injunction prohibited the appellant from accessing any social media website. See also Neptune v. Lanoue, 178 So. 3d 520, 522 (Fla. 4th DCA 2015) (directing in a cyberstalking case that a portion of an

injunction that "paint[ed] with unduly broad strokes on a very large canvas" be more narrowly tailored when the injunction prohibited the appellant from posting on the Internet at all regarding a police officer).

Here, the prohibition that Smith not linger on his driveway is overbroad because it encompasses conduct that could constitute stalking by harassing the neighbor but could also encompass activity that is perfectly legal. For instance, Smith asserts that he is required to maintain his yard and his driveway and control plant growth. Or he could simply choose to sit on his driveway and read a book. Because the challenged language broadly prohibits Smith from engaging in legal activity on his property, we reverse the portion of the injunction prohibiting Smith from lingering on his driveway and remand with directions for the trial court to more narrowly tailor the provision to prevent harassment of the neighbor.

Affirmed in part, reversed in part, and remanded.


MORRIS and BADALAMENTI, JJ., Concur.