NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOSHUA GIVENS,                          )
                                        )
             Appellant,                 )
                                        )
v.                                      )        Case No.  2D17-444
                                        )
WILLMIN ANDREW HOLMES,                  )
                                        )
             Appellee.                  )
_____ )

Opinion filed March 7, 2018.

Appeal from the Circuit Court for Pinellas
County; James Pierce, Acting Circuit Judge.

Joshua Givens, pro se.

No appearance for Appellee.


LaROSE, Chief Judge.

          Joshua Givens appeals a final judgment for protection against stalking

entered in favor of his neighbor, Willmin Andrew Holmes.  We have jurisdiction.  See

Fla. R. App. P. 9.030(b)(1)(A).

          We affirm as to the first and second issues raised by Mr. Givens.  See

Touhey v. Seda, 133 So. 3d 1203, 1204 (Fla. 2d DCA 2014) ("Each incident of stalking

must be proven by competent, substantial evidence to support an injunction against

stalking."); Thoma v. O'Neal, 180 So. 3d 1157, 1159 (Fla. 4th DCA 2015) ("A trial court's

order granting a permanent injunction is reviewed for competent substantial evidence.") (citing McMath v. Biernacki, 776 So. 2d 1039, 1040-41 (Fla. 1st DCA 2001))). As to his third issue, we reverse the portion of the final judgment enjoining Mr. Givens from coming within five hundred feet of Mr. Holmes' house.

The trial court conducted a hearing at which the parties presented diametrically opposed descriptions of the events prompting Mr. Holmes' suit. We will not reweigh the trial court's resolution of the conflicting evidence. Cf. I.R. v. State, 385 So. 2d 686, 687-88 (Fla. 3d DCA 1980) ("Where the evidence is in conflict, it is within the province of the trier of fact to assess the credibility of witnesses, and upon evaluating the testimony, rely upon the testimony found by it to be worthy of belief and reject such testimony found by it to be untrue. . . . The testimony of a single witness, even if uncorroborated and contradicted by other State witnesses, is sufficient to sustain a conviction." (citations omitted)).

At the end of the hearing, the trial court announced its ruling: "I'm going to grant it, at this point, for a period of 10 years. All right?" That was all. Although the parties' homes are in the same neighborhood, no inquiry was made and no evidence was made concerning how far apart they live. Instead, the trial court signed a standardized order granting relief, with the final judgment containing a five-hundred-foot buffer zone.

Mr. Givens contends that the portion of the final judgment enjoining him from coming within five hundred feet of Mr. Holmes' house prevents him from accessing and using his property. Mr. Givens tells us that "the parties live approximately 90 feet from each other." He contends that any restriction beyond that distance would render him "unable to access his yard and residence." Additionally, he contends that "it

interferes with his ability to use . . . public roads to access his home." Therefore, he now asserts, the buffer zone provision is overbroad and violates his fundamental right under article I, section 2, of the Florida Constitution to acquire, possess, and protect property. See Dep't of Law Enf't v. Real Prop., 588 So. 2d 957, 964 (Fla. 1991) ("Property rights are among the basic substantive rights expressly protected by the Florida Constitution." (citing Art. I, § 2, Fla. Const.)). We agree. However, we must address two preliminary issues before we reach the merits of Mr. Givens' third issue.

First, Mr. Givens made no contemporaneous objection to the five-hundred-foot provision. See Barile v. Gayheart, 80 So. 3d 1085, 1086-87 (Fla. 2d DCA 2012) ("We decline to reach the first two issues because Mr. Barile has failed to preserve them for review by contemporaneous objection."); Achurra v. Achurra, 80 So. 3d 1080, 1082 (Fla. 1st DCA 2012) (holding that the husband's argument that the trial court relied on testimony and evidence from a prior proceeding without proper judicial notice was not preserved for appellate review because the husband did not object at the hearing). As explained later, Mr. Givens had no opportunity to do so before the trial court. Because the trial court abruptly ended the hearing without articulating any findings or announcing the particular terms of the final judgment, Mr. Givens was unaware of the five-hundred-foot buffer zone. Cf. Village Inn Rest. v. Aridi, 543 So. 2d 778, 779 (Fla. 1st DCA 1989) (holding that the appellant's failure to object to the award of future medical benefits did not prevent a challenge to the award on appeal as "there was nothing before the [appellant] to which an objection could be made").

Alternatively, the buffer-zone issue is properly before us as a failure of proof. As Mr. Givens points out, "the trial court failed to take testimony regarding the

- 3 -

distance between the homes lived in by Mr. Holmes and Mr. Givens." Florida Rule of Civil Procedure 1.530(e) provides:

> When an action has been tried by the court without a jury, the sufficiency of the evidence to support the judgment may be raised on appeal whether or not the party raising the question has made any objection thereto in the trial court or made a motion for rehearing, for new trial, or to alter or amend the judgment.

The trial court had no evidence before it concerning the distance between the parties' homes. Thus, this part of the final judgment lacks adequate record support.

Second, and more troubling, our record contains inconsistent final judgments. Mr. Givens asserts that he first learned of the five-hundred-foot buffer zone from the courtroom clerk as he left the hearing. He explained to her that the buffer would prevent him from accessing and using his residence. He claims that "the clerk crossed out the number '500' and wrote in the number '200.' Mr. Givens still disagreed . . . and the clerk advised Mr. Givens to write the word 'disagree' next to his signature on the final order."[1] Mr. Givens contends that the initials affixed near the hand-written modification are those of the courtroom clerk.

The record supports Mr. Givens' account. Our record contains a standard, form-order final judgment setting the five-hundred-foot buffer zone. However, in another record version of the final judgment, the five-hundred-foot space is crossed out with the

---

[1]This record evidence supports our conclusion concerning preservation, as it reflects that Mr. Givens lodged an objection at his earliest opportunity, albeit the judge had exited the courtroom and was not privy to the objection. Cf. Achurra, 80 So. 3d at 1082 ("[T]his issue was not preserved for appellate review, in that Mr. Achurra never brought this matter to the trial court to afford a reasonable opportunity to correct the deficiency.") (emphasis added).

number two hundred written above. Adjacent to the hand-written amendment are initials matching those of the courtroom clerk.

We agree with Mr. Givens that this modification "was not set by the trial court." Nothing in the record reflects that the change to the final judgment was made at the behest of the trial court. The trial court's succinct oral ruling simply granted a ten-year injunction. The trial court announced no other injunctive terms.

"In Florida, the clerk is a quasi-judicial officer." Zoba v. City of Coral Springs, 189 So. 3d 888, 890 (Fla. 4th DCA 2016). "The office of the clerk of the circuit court derives its powers and authority from . . . the Florida Constitution . . . . Article V, section 16, establishes the office of clerk of the circuit court within the judicial framework." Times Pub. Co. v. Ake, 645 So. 2d 1003, 1004-05 (Fla. 2d DCA 1994). The clerk cannot conceive or, as in this case, modify judicial orders of her own volition. To the extent that the courtroom clerk unilaterally modified the buffer-zone provision of the final judgment, she exceeded her authority.

The trial court entered a final judgment with injunctive provisions that were not adapted to the parties' circumstances. This was error. See Brower v. Hubbard, 643 So. 2d 28, 30 (Fla. 4th DCA 1994) ("Injunctions must be specifically tailored to each case; they should not infringe upon conduct that does not produce the harm sought to be avoided.").

In granting a final judgment for protection against stalking, the trial court may "[r]estrain[] the respondent from committing any act of stalking" and order "such other relief as the court deems necessary for the protection of a victim of stalking." § 784.0485(6)(a)(1), (6)(a)(4), Fla. Stat. (2016). "An injunctive order should never be broader than is necessary to secure the injured party, without injustice to the adversary,

- 5 -

relief warranted by the circumstances of the particular case. The order should be adequately particularized, especially where some activities may be permissible and proper." Clark v. Allied Assocs., Inc., 477 So. 2d 656, 657 (Fla. 5th DCA 1985) (citing Moore v. City Dry Cleaners & Laundry, Inc., 41 So. 2d 865, 871 (Fla. 1949)).

In Smith v. Wiker, 192 So. 3d 603, 604-05 (Fla. 2d DCA 2016), this court reversed a portion of a stalking injunction prohibiting the appellant, the appellee's neighbor, from lingering on his own driveway:

> Here, the prohibition that Smith not linger on his driveway is overbroad because it encompasses conduct that could constitute stalking by harassing the neighbor but could also encompass activity that is perfectly legal. For instance, Smith asserts that he is required to maintain his yard and his driveway and control plant growth. Or he could simply choose to sit on his driveway and read a book. Because the challenged language broadly prohibits Smith from engaging in legal activity on his property, we reverse the portion of the injunction prohibiting Smith from lingering on his driveway and remand with directions for the trial court to more narrowly tailor the provision to prevent harassment of the neighbor.

Id. at 604-05.

Although the overbroad provision in Smith concerned a prohibition of particular conduct on a segment of private property, the buffer zone before us seemingly deprives Mr. Givens of the lawful use of all his property, including his right of ingress and egress from the neighborhood.

Because the final judgment appears broader than necessary to protect Mr. Holmes, we reverse and remand with directions for the trial court to more narrowly tailor the buffer-zone provision to prevent harassment of Mr. Holmes.

Affirmed, in part; reversed, in part; and remanded.

KELLY and MORRIS, JJ., Concur.