IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

OMNI HEALTHCARE, INC.,

       Appellant,

 v.

NORTH BREVARD COUNTY
HOSPITAL DISTRICT D/B/A
PARRISH MEDICAL CENTER
AND CRAIG DELIGDISH,

       Appellees.
_____/

Case No.  5D22-786
LT Case No. 05-2021-CA-035363-X

Opinion filed February 3, 2023

Nonfinal Appeal from the Circuit Court
for Brevard County,
George Paulk, Judge.

Adam M. Bird, and Ryan D.
O'Connor, of WhiteBird, PLLC,
Melbourne, for Appellant.

Joseph I. Zumpano, and Leon N.
Patricios, of Zumpano Patricios,
P.A., Coral Gables, and Nicolette C.
Vilmos and Michael J. Bittman, of
Nelson Mullins Riley & Scarborough,
LLP, Orlando, for Appellees.


PER CURIAM.

Omni Healthcare, Inc. ("Omni") appeals the trial court's order disbursing rental monies from the court registry to North Brevard County Hospital District d/b/a Parrish Medical Center ("Parrish"). We conclude that the disbursement order was a nonfinal order for which a motion for rehearing/reconsideration did not toll the timeframe to appeal. Omni's notice of appeal was filed after the denial of its motion for rehearing/reconsideration and more than thirty days after the entry of the disbursement order. Accordingly, we dismiss the appeal for lack of jurisdiction.

Parrish leased certain commercial property to Omni. After disputes arose between the parties, Omni stopped making rent payments. Subsequently, Parrish filed a three count complaint against Omni—for eviction, breach of lease agreement and breach of guaranty agreement. Thereafter, pursuant to section 83.232, Florida Statutes (2021), Omni filed a motion to determine the amount of rent that it was to deposit into the court registry during the pendency of the litigation.

After an evidentiary hearing, the trial court entered an order directing the past due sum of $468,780.81 and ongoing monthly rents of $21,871.57 be deposited into the court registry. Later, after Omni deposited substantial monies into the court registry, Parrish filed an emergency motion alleging

2

that it had ongoing expenses that needed to be paid and that it could not wait until the matter proceeded to trial to receive the monies.

Following an emergency hearing, the trial court ordered that the sum of $626,258.52 be immediately disbursed to Parrish. Omni seeks review of that order.

This court has previously concluded that an order authorizing the disbursement of monies from the court registry is a nonfinal order reviewable under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii).[1] *Vance Realty Grp., Inc. v. Park Place at Metrowest, Phases Six & Seven, Ltd.*, 909 So. 2d 516, 517–18 (Fla. 5th DCA 2005); *accord Tribeca Aesthetic Med. Sols, LLC v. Edge Pilates Corp.*, 82 So. 3d 899, 901 n.1 (Fla. 4th DCA 2011) ("Because the order [disbursing rental payments from the court registry prior to trial] determines the right to immediate possession of property, we have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii).").

"[A] motion for rehearing directed to a non-final order . . . is not authorized under the rules and does not toll the time for filing the notice of appeal." *Deal v. Deal*, 783 So. 2d 319, 321 (Fla. 5th DCA 2001) (citations

---

[1] Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii) authorizes an appeal to a district court of appeal of a nonfinal order that determines "the right to immediate possession of property."

3

omitted); *see also Morton & Oxley Ltd. v. Charles S. Eby, M.D., P.A.*, 916 So. 2d 820, 821 n.1 (Fla. 2d DCA 2005) ("[A] motion for rehearing of a nonfinal order is unauthorized and does not toll the time for filing a notice of appeal." (citing *Decktight Roofing Servs. Inc. v. Amwest Sur. Inc.*, 841 So. 2d 667, 668 (Fla. 4th DCA 2003))).

Furthermore, we reject Omni's argument that the disbursement order was an appealable partial final judgment. A partial final judgment is appealable as a final order when the judgment resolves a distinct and severable cause of action, i.e., the remaining claims do not arise from a set of common facts for a single transaction. *Jensen v. Whetstine*, 985 So. 2d 1218, 1220 (Fla. 1st DCA 2008). Here, as Parrish correctly argues, the disbursement order arose from the same set of facts involved in Parrish's complaint—all three counts of which remain pending. *See, e.g., Lenmar Realty, LLC. v. Sun Elec. Works, Inc.*, 317 So. 3d 125, 128–29 (Fla. 4th DCA 2021) (holding that the trial court erroneously concluded that landlord was not entitled to release of the rents deposited into the court registry because it did not assert such claim in pleading, but instead pursued claim by motion; landlord was entitled to assert claim by motion because "entitlement to the rent deposits in the court registry was ancillary to the asserted claims for relief").

Because the notice of appeal in the instant case was filed more than thirty days from the date of the disbursement order, we do not have jurisdiction to review this matter.

APPEAL DISMISSED.


LAMBERT, C.J., EVANDER and EISNAUGLE, JJ., concur.